CROWDER BROS., Appellants, v. BURLINGTON ELEVATOR COMPANY et al., Respondents.

**St. Louis Court of Appeals, July 16, 1913.**

1. **BILLS AND NOTES: Pleading: Conclusions: Sufficiency of Petition.** A count of a petition alleging that one of the defendants executed the note sued on, and that the other defendants were "responsible for," and should, by a proper decree, be required to pay, the note for reasons hereinafter stated," does not state a cause of action against such other defendants, and the sufficiency of the petition, as to them, would have to be determined from another count, wherein plaintiff's theory as to their liability is fully set forth.

176 Mo. App. 42

2. **EQUITABLE LIENS: Improvement of Building: Right to Lien.** Although the installation of equipment in a building enhances its value, the person making such installation will not be entitled to an equitable lien on the building, as against the purchaser thereof at a foreclosure sale under a deed of trust, although he had knowledge of the installation, nor a judgment against such purchaser or his transferee or the trustee in the deed of trust, where neither of such persons requested that such equipment be installed nor agreed to pay therefor.

3. ———: **Right to Lien.** The doctrine that equity will give a lien when plaintiff's rights can be secured in no other way is not applicable where plaintiff had a right to file a mechanic's lien to secure his bill for equipment installed in a building but allowed it to lapse.

4. **FRAUD AND DECEIT: Pleading.** Where a cause of action is based upon fraud, the facts constituting the fraud must be set forth in detail.

5. **FRAUDULENT CONVEYANCES: Attack by Stranger to Transaction.** A person who installed equipment in a building, but who had no right to an equitable or other lien on the building, has no standing to attack the sale of the building under foreclosure of a deed of trust, on the ground of fraud, since fraud is not available to a stranger to the transaction.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellants..

(1)   The petition, in both counts stated facts sufficient to constitute a cause of action against all the defendants. Especially is this true where, as here, the demurrer admitted every allegation of both counts of such petition. Anable v. Land Co., 144 Mo. App. 312; Verdin v. St. Louis, 131 Mo. 74; Randolph v. Wheeler, 182 Mo. 154.   (2)   The plaintiffs in equity are entitled to the lien here prayed for, in the second count of their petition, at common law. 1 Jones on Liens, sec. 39, p. 27; 25 Cyc. 662; Townsend v. Vanderworker, 160 U. S. 171; Shakers v. Watson, 68 Fed. 739; Perry

v. Board, 102 N. Y. 99.  (3)  The plaintiffs were entitled to the lien here prayed for, in the second count of the petition, under the Statutes of Missouri, then, as now, in force.  2 R. S. 1909, sec. 8211, p. 2562; 1 R. S. 1909 sec. 2401, p. 873.

*George L. Edwards, Edward D'Arcy* and *Walter J. G. Neun* for respondents.

NORTONI, J.—Plaintiffs recovered a judgment against defendant Burlington Elevator Company on the note described, but the court sustained a demurrer to the petition on the part of the defendants, St. Louis Union Trust Company, Mississippi Valley Trust Company, The National Bank of Commerce and G. L. Edwards.  The demurrer having been sustained on the part of these defendants, plaintiffs declined to plead further and suffered judgment to go against them, to the effect that the petition fails to state a cause of action as to them.  From this judgment on demurrer in favor of defendants, St. Louis Union Trust Company, Mississippi Valley Trust Company, The National Bank of Commerce and G. L. Edwards, plaintiffs prosecute the appeal.

Omitting caption and signatures, the petition is as follows:

"Now come the plaintiffs and by leave of court first had and obtained, state that W. A. Crowder and A. B. Crowder, plaintiffs herein, are partners doing business under the name of Crowder Brothers; that the defendants Burlington Elevator Company, St. Louis Union Trust Company and the Mississippi Valley Trust Company are, and at all times hereinafter mentioned were, corporations duly organized and existing under the laws of the State of Missouri; that The National Bank of Commerce is also a corporation organized and existing under the State of Missouri; that Geo. L. Edwards is a citizen of the

State of Missouri, and a brother of Ben F. Edwards, president of the National Bank of Commerce; that the defendant, St. Louis, Keokuk & Northwestern Railroad Company, is a corporation, as plaintiffs are advised, duly organized under the laws of the State of Iowa; and that the defendant, Chicago, Burlington & Quincy Railway Company, is a corporation, as plaintiffs are advised, duly organized under the laws of the State of Illinois, and that the defendant, Chicago, Burlington & Quincy Railroad Company, is a corporation, as plaintiffs are advised, duly organized under the laws of the State of Illinois.

## "FIRST COUNT.

"Plaintiffs, for their first cause of action, say that the defendant, the Burlington Elevator Company, on the 17th day of July, 1908, by its negotiable promissory note of that date by it duly executed, promised for value received, to pay to the plaintiffs on or about the 17th day of August, 1908, the sum of seven hundred and sixty-seven dollars and thirty-six cents, with interest thereon from date at the rate of six per cent per annum, until paid; said note is herewith filed, marked 'Exhibit A;' that said note has long since matured, but no part thereof has been paid, and the whole amount, principal and interest, is still due and unpaid.

"Plaintiffs further state that all the defendants herein are responsible for and should be required by this honorable court, by a proper decree, as hereinafter prayed for, to pay said note and accrued interest for the reasons hereinafter stated.

"Wherefore, plaintiffs pray judgment for said principal sum of seven hundred and sixty-seven dollars and thirty-six cents, with interest thereon at six per cent per annum, from said date against all the defendants herein.

## "SECOND COUNT.

"For their second cause of action, plaintiffs state that W. A. Crowder and A. B. Crowder, doing business under the name of Crowder Brothers in the city of St. Louis; that the defendants, the Burlington Elevator Company, the St. Louis Union Trust Company, the Mississippi Valley Trust Company, and The National Bank of Commerce are, and at all times hereinafter mentioned were, corporations duly organized and existing under the laws of the State of Missouri; that George L. Edwards is a citizen of the State of Missouri and a large stockholder in The National Bank of Commerce, and is a brother of. Ben F. Edwards, president of said National Bank of Commerce; that the St. Louis, Keokuk and Northwestern Railroad Company was and is a corporation, as plaintiffs are advised, duly organized and existing under the laws of the State of Iowa; and that the Chicago, Burlington & Quincy Railway Company was and is a corporation, as plaintiffs are advised, duly organized and existing under the laws of the State of Illinois, and that the Chicago, Burlington & Quincy Railroad Company was and is a corporation, as plaintiffs are advised, duly organized and existing under the laws of the State of Illinois.

"That all the defendants herein are indebted to the plaintiffs herein as hereinbefore stated, in the sum of $767.36, as hereinafter set forth; that the defendants St. Louis Union Trust Company and Mississippi Valley Trust Company are trustees for the bondholders of the Burlington Elevator Company, in a deed of trust recorded in book 1337, at page 370, and book 2100 at page 1, at the office of the recorder of deeds for the city of St. Louis, Missouri.

"Plaintiffs further state that, since the organization of the Burlington Elevator Company, it has been engaged in the business of operating a grain elevator on the following described premises, towit:

"Beginning at a point four hundred and ninety feet north of the north line of Grand avenue, and thirty feet east of the center of the east main track of the St. Louis, Keokuk and Northwestern Railroad, thence north on the line thirty feet from and parallel with said east main line track sixteen hundred feet to a point; thence east and perpendicularly to said main line track three hundred fifty feet to the Mississippi river; thence along the meandering river front line to an intersection with a line four hundred and ninety feet north of the north line of Grand avenue and perpendicular with the aforesaid main line track; thence west three hundred thirteen feet to the place of beginning, the above tract containing twelve and eighteen-hundredths acres, more or less; which said premises were leased to said Elevator Company by the St. Louis, Keokuk & Northwestern Railroad Company, a company belonging to the Chicago, Burlington and Quincy Railway, for a term of fifty years, beginning June 1, 1895, all as shown by a lease recorded in book 1330, at page 532, of the records in the office of the recorder of deeds of the city of St. Louis, State of Missouri.

"That the said elevator plant consists of one large grain elevator situated just east of the tracks of the St. Louis, Keokuk and Northwestern Railroad Company, owned by the Chicago, Burlington and Quincy Railway Company as aforesaid, and connected by carriers with a smaller elevator situated on the river bank. That there are other smaller buildings, such as an engine house, forming part of said plant; that in connection with said grain elevator, said elevator company has erected a grain dryer at a cost of about thirty thousand dollars. That said grain dryer has been erected within the past year as a part of said elevator company's plant.

"That all the defendants herein are indebted to the plaintiffs, Crowder Brothers, in the sum of seven

hundred and sixty-seven dollars and thirty-six cents on an overdue note, as hereinbefore set forth, which said note was given by said Burlington Elevator Company to the plaintiffs herein, as hereinbefore alleged, for the furnishing and installing of fire extinguishing apparatus in and about said elevator and plant at the special instance and request of the defendant Burlington Elevator Company, and with the knowledge of The National Bank of Commerce, said George L. Edwards, St. Louis, Keokuk and Northwestern Railroad and Chicago, Burlington and Quincy Railway, as well as of the trustees in the mortgages hereinbefore described, to-wit, the St. Louis Union Trust Company and the Mississippi Valley Trust Company, as aforesaid.

"That the betterment hereinabove and hereinafter described, furnished by the plaintiffs herein to the Burlington Elevator Company and the other defendants herein, were furnished for the price above stated in order to preserve the existing insurance on the Burlington building, and to prevent the cancellation of said insurance then threatened, as well as to enable said elevator company and the other defendants herein to add a permanent betterment to the property hereinbefore described upon the leasehold as aforesaid and said fee, thereby greatly increasing the value of said leasehold as well as said fee, resulting in enhancing the value of and creating permanent improvements on said elevator plant, as herein described, as well as upon the ground upon which the same is situated.

"That repeated demands have been made for the payment of said note, but no part thereof has been paid.

"Plaintiffs further allege that, on or about the 23d day of September, 1908, by virtue of a pretended foreclosure sale conducted by the Mississippi Valley Trust Company, defendant herein, the defendant George L. Edwards became the purchaser of the prop-

erty of the Burlington Elevator Company hereinbe-
fore described, at said sale, for the sum of ten thou-
sand dollars; that said purchaser at said sale was
merely the agent of The National Bank of Commerce,
who was and is the holder of a large amount of unse-
cured and overdue paper issued to it by the Burlington
Elevator Company; that said George L. Edwards
purchased said property, not for himself, but for said
National Bank of Commerce, in order, as plaintiffs be-
lieve, to destroy the value of plaintiffs' note herein
sued upon; that prior to said sale as aforesaid, the
plaintiffs herein gave due notice to said Mississippi
Valley Trust Company, trustee, as well as to said
George L. Edwards and the said National Bank of
Commerce, of the existence of their said note and then
and there claiming on their behalf an equitable lien
upon the property herinbefore described; and with
full knowledge on the part of said defendants as here-
in alleged, of the existence of said note, so owned by
plaintiffs as aforesaid, and of the betterment so placed
upon the property of the Burlington Elevator Com-
pany and these other defendants as hereinbefore de-
scribed and as herein alleged at the time of said
purchase.

"That, as plaintiffs are advised and therefore
state the fact to be, said pretended foreclosure sale,
conducted by the Mississippi Valley Trust Company,
defendant herein, was a fraudulent and collusive
scheme devised by the defendants herein and intended
to defeat the plaintiffs herein out of their equitable
lien on said premises as herein prayed for.

"Plaintiffs further state that they are advised
and therefore allege that the bonds secured by the deed
of trust, in book 2100, page 1, in which the Mississippi
Valley Trust Company, defendant herein, was trustee,
have not been sold but remain in the possession of said
trustee, and that no holder of said bonds ever re-
quested said trustee to advertise and sell said prop-

erty under the terms of said mortgage on said 23d day of September, 1908.

"That there is great danger that, if the relief prayed for in this petition be not granted, that default will be made in the payment of the rent due the St. Louis, Keokuk and Northwestern Railroad under the terms of the lease above mentioned. That the said railroad company has no power expressed in said lease to cancel the lease for nonpayment of rent, but that said lease is by its terms subject to an agreement of date April 1, 1896, between the said elevator company, which said agreement is not of record and is in the possession of the officers of said elevator company, and although these plaintiffs have made many attempts to obtain or to see a copy of said agreement, they have been unable to do so; and plaintiffs allege upon information and belief that under said agreement said railroad company may, at its option, cancel said lease, and that there is great danger that it will so forfeit said lease, and thereby plaintiffs will be defeated in the recovery of their just debt and irreparable injury will be worked on other interests in the Burlington Elevator Company, and on the public at large.

"That the value of the leasehold interest of said elevator company is more than sufficient to pay off the bondholders of said company, and that these plaintiffs have a right to have the same protected from forfeiture so that their claim may be paid. That if the control and management of said corporation is left in the hands of the directors and stockholders, there is great danger that said equity will be lost and that these plaintiffs will thereby be prevented from recovering on their claim.

"Plaintiffs further aver that the defendant herein, the Burlington Elevator Company, is wholly insolvent, that the liabilities of said company, now overdue, exceed the assets of said company by more than

fifty thousand dollars, and that unless the relief herein prayed for is granted to these plaintiffs, by this honorable court, these plaintiffs will entirely lose their overdue note executed by said elevator company, as hereinbefore described, and thereby suffer irreparable injury for which they have and can have no adequate remedy at law.

"Wherefore, in view of the premises above stated, the plaintiffs allege that they are entitled to an equitable lien for the amount of said note and interest in this action, prior in right to any claims to said property now asserted, or to be hereafter asserted by the defendants herein, and superior in right to the mortgages on the property of the Burlington Elevator Company hereinbefore described, or any claims of any nature whatever, now asserted or to be hereafter asserted by The National Bank of Commerce, defendant herein; and that unless the relief herein prayed for is granted, then their interests may be entirely sacrificed, for which they have no adequate or any other remedy at law and thereby an irreparable injury will be inflicted upon them.

"Wherefore, plaintiffs pray for a judgment against all the defendants herein for the sum of $767.36, as hereinbefore alleged and that said sum may be declared as an equitable lien upon the property hereinbefore described, superior in right to any of the claims of those defendants, and prior in right to the mortgages hereinbefore described in this petition, and also any other claims now asserted, or to be asserted by said National Bank of Commerce, or by said defendant, George L. Edwards, either for himself or for said bank; and for such other and further relief in the premises as unto equity may appertain and to this court may seem meet and proper."

It seems defendants St. Louis, Keokuk & North-western Railroad Company, the Chicago, Burlington & Quincy Railway Company and the Chicago, Burling-

ton & Quincy Railroad Company were not served with process and therefore did not appear to the suit.

As above stated, the defendant Burlington Elevator Company, who executed the note described in the petition, appeared and judgment was given against it for the amount of the note sued on. The defendants St. Louis Union Trust Company, Mississippi Valley Trust Company, The National Bank of Commerce and George L. Edwards demurred to the petition and prevailed. According to the averments, the St. Louis Union Trust Company and the Mississippi Valley Trust Company are only interested as trustees in certain deeds of trust in favor of certain bondholders, and the Mississippi Valley Trust Company, it appears, sold the property of the Burlington Elevator Company under the deed of trust in which it was trustee, on September 23, 1908. At this trustee's sale by the Mississippi Valley Trust Company, trustee, it is averred The National Bank of Commerce, acting through George L. Edwards as its agent, became the purchaser.

In considering the case, we will put the several railroad companies aside entirely and look to the allegations alone which are relied upon to reveal a liability to respond on the part of the St. Louis Union Trust Company, Mississippi Valley Trust Company, The National Bank of Commerce and George L. Edwards, for the question in decision pertains alone to the sufficiency of the petition to state a cause of action against them. Obviously the St. Louis Union Trust Company is made a party to the suit only for the reason that as trustee it holds some title to the property of the Burlington Elevator Company. There is no allegation that the St. Louis Union Trust Company sold the property under the deed of trust in which it was trustee or that it did aught in the premises except that it had knowledge of plaintiffs' claim.

It is argued the court certainly erred in sustaining the demurrer of the four defendants last mentioned to

the first count of plaintiffs' petition, for it is said that count in terms avers "that all the defendants herein are responsible for" the note described therein. It is sufficient to say of this that this averment in the first count of the petition must be read in connection with the facts stated in the second count, for, otherwise, it has no office to perform. Indeed, the first count of the petition is at law and declares upon a promissory note executed to plaintiffs by the Burlington Elevator Company, a corporation. It is obvious that the Burlington Elevator Company alone executed the note. The paragraph of this count which states that all of the defendants herein are responsible for the note, continues and "should be required by this honorable court by a proper decree as hereinafter prayed for to pay said note and accrued interest for the reasons hereinafter stated." The reasons to be hereinafter stated, as referred to, are fully set forth in the second count of the petition and it is clear enough therefrom none of these defendants who demurred are obligors on the note. Such is obvious from the whole petition when considered, and it is clear the court did not err. in sustaining the demurrer on the part of the defendants, St. Louis Union Trust Company, Mississippi Valley Trust Company, The National Bank of Commerce and George L. Edwards, to the first count of the petition. No attempt whatever is made to state a cause of action in that count against these defendants as obligors on the note, but the reference to their responsibility points alone to the facts to be stated in the second count.

The second count of the petition proceeds in equity as for an equitable lien on the property of the Burlington Elevator Company, which, it is averred, was sold under the deed of trust on the 23d of September, 1908, by the Mississippi Valley Trust Company, trustee, and purchased by The National Bank of Commerce through George L. Edwards, who acted for it.

There is no averment in this count of the petition to the effect that any one of these defendants ever promised to pay plaintiffs' debt for which it held the note of the Burlington Elevator Company. It appears that plaintiffs installed in the Burlington Elevator certain fire extinguishing apparatus and took the note of the Burlington Elevator Company therefor. Furthermore, that the installation of the fire extinguishing apparatus was a betterment and improved the property. This being true, it no doubt enhanced the value of the security of the bondholders under the two separate deeds of trust in which the St. Louis Union Trust Company and the Mississippi Valley Trust Company were trustees, but this alone affords no right to the lien here sought. It is averred that such betterment and improvement rendered the property insurable and prevented the cancellation of insurance policies then standing thereon. But there is no averment to the effect any one of these defendants requested plaintiffs to install such fire extinguishing apparatus or agreed to pay therefor or were in any wise instrumental in causing them to contract the indebtedness evidenced in the note for such installation. The petition alleges that ''said note was given by said Burlington Elevator Company as hereinbefore alleged for the furnishing and installing of fire extinguishing apparatus in and about said elevator plant at the special instance and request of the defendant Burlington Elevator Company and *with the knowledge of The National Bank of Commerce, said George L. Edwards,''* etc. (The italics are ours.) The mere fact that defendants had knowledge of the installation and that they knew the improvements would enhance the value of the property, against which it appears The National Bank of Commerce held numerous unsecured claims, is insufficient to create a liability against them, either at law or in equity, or against the property in equity; and this is

true though the Burlington Elevator Company was insolvent, as the petition alleges.

Plaintiff insists it is sometimes declared to be a doctrine of equity that a lien will be given when plaintiff's rights can be secured in no other way. Such is entirely true, but it is obvious the plaintiffs had a sufficient remedy at law in the instant case, for the statute afforded them the right to a mechanic's lien on account of the improvement so made, and such lien would have assured their right to compensation out of the property. The cases relied upon by plaintiffs in support of the proposition advanced are wholly dissimilar from this one, for each reveals, besides an improvement to the property, either a promise to compensate therefor or an inducement by the true owners. Moreover, they are all cases that present a peculiar state of facts, where no remedy whatever at law obtained.

The case of Perry v. Board of Missions, 102 N. Y. 96, 105, is of that character. The court there said:

"The advances were directly for the benefit of the real estate; they were approved by the convention by whose direction the title was conveyed to the defendant, but neither the convention nor the defendant had incurred any corporate liability, and while it may be said that the advances were made on the promise of, or in the just and natural expectation that, a mortgage would be given, it is also true that they were made on the credit of the property for the improvement of which they were expended."

In that case the Episcopal convention authorized and induced the advances made by the plaintiff in improving the bishop's residence, and this, too, with a view of executing a mortgage to compensate such advances. It appears that no "corporate" liability was incurred, but nevertheless the inducement offered to plaintiff by the convention and the manifest promise it involved to compensate the advances by way of a

mortgage on the property, created an equity which was properly seized upon and enforced in the circumstances of the case. Manifestly no such question is presented here, for no inducement whatever was offered on the part of the demurring defendants to plaintiffs and there is no suggestion of a promise.

The case of the Society of Shakers v. Watson, 68 Fed. 730, is one presenting peculiar facts in which it appears a remedy at law was not immediately available, for there the property of the Shakers, a community, was held *en masse*, in common, without any individual interest in any member. The board of trustees of the Society of Shakers, who, it appears, were the agents of the society, executed their promissory note and utilized the means thus obtained to increase the funds of the society—that is, the *corpus* of the community proper. The court enforced this promise of the society, by way of an equitable lien against the community property, to the end of compensating the benefits received. It appears there was no adequate remedy at law, and high equity inhered in the case, especially in view of the promise made by the board of trustees representing the entire community which held the title to the common property so improved.

The case of Townsend v. Vanderwerker, 160 U. S. 171, presents a state of facts where the plaintiff invested his means in erecting a house on the land of defendant's intestate at her special instance and request and with a promise on her part to deed him a one-half interest therein. Plaintiff, though having fully performed the contract on his part, was without a remedy at law because of the Statute of Frauds, for no note or memorandum of the agreement was made. The court seized upon the promise, enforced it, as is the general rule in such circumstances, and, in addition to this, declared an equitable lien on the property, the value of which was thus enhanced. It is obvious that

no such grounds for equitable relief appear in the petition here as that which obtained in each of the cases above referred to.

But it is averred, in substance, that the Mississippi Valley Trust Company, acting as trustee, sold the property of the Burlington Elevator Company under the deed of trust on September 23, 1908, and that The National Bank of Commerce, acting through its agent, George L. Edwards, purchased the same for $10,000 with a view of defeating plaintiffs' claim against the Burlington Elevator Company, after full notice of its equity. It is averred, too, that the bondholders did not request the sale of the property and, indeed, that the bonds were then held by the trustee and not outstanding at all; that the sale so made was a fraudulent and collusive scheme devised by the defendants herein and intended to defeat the plaintiffs herein out of their said equitable lien on said premises as herein prayed for. The facts constituting fraud must be set forth in detail when relied upon for relief, but it may be they are sufficiently pleaded here. It is unnecessary to examine that question minutely and it may, therefore, be put aside. But though it be that a charge of fraud is here laid against the Mississippi Valley Trust Company, trustee, The National Bank of Commerce and its agent, George L. Edwards, it is entirely clear that no right to relief with respect to it appears in these plaintiffs. At most, they held the note of the Burlington Elevator Company for an improvement made at its instance on the property sold by the trustee, which enhanced the value of the plant. As above pointed out, nothing appears in the petition revealing the right to enforce an equitable lien on the property of the Burlington Elevator Company, even against that company. There can be no doubt that wherever fraud is made the ground for an action, it must be set up and asserted by a party who has been injured thereby and is not available to a mere stranger

to the transaction. [See 9 Ency. Pl. & Pr. 681.] For an application of the principle, see Miles v. Jones, 28 Mo. 87; Mayberry v. McClurg, 51 Mo. 256. Even though the sale so made was the result of a fraudulent scheme between defendants, it entailed no injury upon plaintiffs, unless they possessed the right to an equitable lien on the property of the Burlington Elevator Company. No such right appears from the averments of the petition though it is clear plaintiffs had a right to a mechanic's lien had they proceded in time under the statute.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.