## GUARANTY LAUNDRY CO. v. LEWIS.

No. 28362. Jan. 17, 1939.

Rehearing Denied April 4, 1939.

Stuart, Bell & Ledbetter, for plaintiff in error.

Twyford & Smith and William J. Crowe, for defendant in error.

HURST, J. The plaintiff, N. K. Lewis, and one J. L. Beasley sold certain laundry equipment to Willis G. Sautbine and others to be used in a laundry corporation there-after to be formed. The corporation was later formed and is the plaintiff in error, Guaranty Laundry Company. Under the contract, Lewis and Beasley were to receive a consideration of $4,500 to be paid as follows: One note for $1,000 and one for $1,500, both to be secured by a chattel mortgage on the property covered by the contract; the assignment by Lyn R. Sautbine, brother of Willis G. Sautbine, to Lewis of a $2,000 note given by one Lane to Lyn R. Sautbine and secured by a trust deed covering certain property in Washington, D. C., and to be personally guaranteed by Willis G. Sautbine. The contract was carried out and the property was delivered to the laundry company as agreed. The laundry company gave the $1,000 note and the $1,500 note, both secured by chattel mortgages, as agreed. Lyn R. Sautbine endorsed the $2,000 note to Lewis, and Willis G. Sautbine gave his written guaranty of the same. The $1,000 note is not involved in this case. Lewis acquired the interest of Beasley, and the latter is not now interested in the transaction. This action was brought by Lewis to recover the balance due on the $1,500 note and to foreclose the chattel mortgage securing the same, and the petition contained a second cause of action seeking judgment against the laundry company for $2,000 and to impress an equitable lien upon the laundry equipment so sold for that amount, on the theory that the $2,000 note was not a valid and subsisting obligation at the time the contract was made. Judgment was rendered on the $1,500 note and that judgment has been paid and is not now before us. Judgment was also rendered for Lewis and against the laundry company for $2,000 with interest and attorney's fees, and the court impressed an equitable lien upon the laundry equipment covered by the contract to secure the payment of the same and ordered the lien foreclosed. From that judgment, this appeal was taken.

While there are several other questions raised by the plaintiff in error, we think the decisive question is whether, under the record, the court committed error in holding the laundry company personally liable for the $2,000 and subjecting its property to an equitable lien for the payment of the same.

The plaintiff pleaded and introduced in evidence a transcript of a record and judgment of the court in Washington, D. C., from which it appears that after the contract was consummated, as above stated, Lyn R. Sautbine filed an action in the District of Columbia to recover on the $2,000 note. The transcript introduced contains the petition of Lyn R. Sautbine and the an-

614

swer of Lane setting up four defenses. The substance of the defense was that on March 24, 1933, and before the contract above mentioned was entered into, the $2,000 note had been canceled by agreement between Sautbine and Lane. The transcript also contains a judgment of the District of Columbia court denying Lyn R. Sautbine any recovery. The record is silent as to why the action was brought in the name of Lyn R. Sautbine instead of in the name of Lewis, the owner of the note. The record discloses that the laundry company took no part in that action. No evidence was introduced in this action to substantiate the claim that the note had been canceled other than the allegations in the Lane answer, which, of course, are hearsay in this proceeding. On the contrary, the only testimony in this record on the subject is that of Willis G. Sautbine, who testified that he refused to accept a deed from Lane in cancellation of the note, and a deed was introduced from Lane to one Haigler dated after March 24, 1933 (when it is claimed the note was canceled), recognizing the indebtedness represented by the $2,000 note.

We are of the opinion that the judgment must be reversed. Lewis does not contend that Willis G. Sautbine or the laundry company acted fraudulently in transferring the Lane note. Under the contract, the laundry company was under no obligation to pay or secure payment of the $2,000 note. Its property cannot be impressed with an equitable lien to secure the payment of an obligation it does not owe. 37 C. J. 315, sec. 18. Lewis has his action against Sautbine on the written guaranty. We are unable to say from the record whether Lewis prosecuted the action in the name of Sautbine's brother in the District of Columbia and is or is not bound by that judgment. Since he contracted for and has the legal remedy against Sautbine, and possibly against Lane, he will not be given an equitable lien against the property of the laundry company. 37 C. J. 320, sec. 24; Mihan v. Great Western Sugar Co. (Neb. 1931) 236 N. W. 172; Crowder Bros. v. Burlington Elevator Co. (Mo. 1913) 159 S. W. 741; Pritchard v. Pritchard (N. Y. 1909) 118 N. Y. S. 882. Equitable liens grow out of a duty or obligation on the part of the owner of property to make it answerable for a debt. Jones on Liens (3rd Ed.) sec. 28. The testimony is that Lewis did not expect to look to the laundry company, but only to Willis G. Sautbine and Lane for the payment of the Lane note, and the terms of the contract bear out this evidence.

It is unnecessary to discuss the other contentions of the plaintiff in error. The judgment is reversed, with directions to dismiss the cause.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.