SHIPLEY v. METROPOLITAN LIFE INS. CO. et al.—158 S. W. (2d), 739.

Middle Section.  November 1, 1941.

Petition for Certiorari denied by Supreme Court, February 7, 1942.

Lee A. Enoch, Jr., and Joseph L. Lackey, both of Nashville, for appellant.

Will Byers, Jr., Louis Farrell, Jr., both of Nashville, for appellees Annie May Scott Ridley and Gracie Scott Hart.

Garland S. Moore, and Albert Ewing, III, both of Nashville, for appellee Metropolitan Life Ins. Co.

HOWELL, J. The bill in this case is filed by the complainant seeking to have an equitable lien declared in his favor upon certain insurance policies issued by the defendant Insurance Company to the other six defendants, upon the theory that complainant had paid the premiums upon these policies and was entitled to this lien to secure his reimbursement.

In addition to the prayer for a lien to be declared, the bill prays for judgments against the individual defendants and for a disclosure by the Insurance Company as to the cash surrender values of the policies. Four of the defendants are nonresidents and are before the court by publication and orders pro confesso. The other two individual defendants filed answers in which they deny complainant's right to the relief asked and say that if complainant paid any premiums at all on their policies, the fact was not known to them and he was a mere volunteer and made no payments at their request. The defendant Insurance Company answering denies complainant right to any relief.

The case was tried on oral testimony by the chancellor, by stipulation of the parties, and a decree entered dismissing the bill, the court being of the opinion that the allegations of complainant's bill were met and denied by the answers and not sustained by the proof.

The complainant was granted and has perfected an appeal to this court and has filed eleven assignments of error.

The decree of the chancellor does not disclose upon what he based the conclusion that the bill should be dismissed other than that the complainant had failed to establish the truth of the allegations of the bill. However the assignments of error attribute the dismissal of the bill to many holdings of the chancellor which do not appear in the record and we do not deem it necessary to discuss them separately.

The complainant testified that he was 74 years old and that he had married Susan Scott about 1908, that at that time Susan had three

454

children upon whom policies of insurance had been issued by the defendant Insurance Company, and that the other three policies involved were issued upon the lives of three of his children, and that these children were small and lived with him until they married and left. He says that he supported the family and paid the premiums upon these policies until his wife died. The policies lapsed for nonpayment of premiums in 1937. The only witness for complainant was a cousin, Frances Greer, who said that she had been closely associated with the family since 1935, she knew of these policies and when asked if they were paid on, she said that the complainant came to her to get money to pay on the policies and that she carried them as long as she could and then let them drop.

The defendants Fannie May Ridley and Gracie Scott Hart and their witnesses Aline Shipley and Susan Shipley deny that complainant paid the premiums and say that the defendants and their mother did the paying.

From a careful reading of the testimony in this record we concur with the chancellor in finding that the complainant has failed to meet the burden of establishing what premiums he paid, if any, or that he paid them other than as father and step-father of these defendant children and as head of the family and with no idea or understanding that he would be reimbursed. He was purely a volunteer if he paid any of the premiums out of his own funds during the period from 1908, when he married Susan Scott to the time the policies lapsed in 1937, and should not be permitted to recover at this time.

Lengthy briefs are filed in this case and there is much law cited upon questions which we do not deem it necessary to discuss as in the view we take of the facts they are not material.

The complainant relies to a great extent upon his theory that he is entitled to an equitable lien.

A lien is defined in 37 Corpus Juris, page 306, as follows:

"The word 'lien' as used in law is a technical term, and has a fixed and well understood meaning. In a narrow and limited sense, as defined at common law, it signifies the right by which a person in possession of personal property holds and retains it against the owner until a demand due to the party retaining it is satisfied.

"In its broadest sense and common acceptation it is understood and used to denote a legal claim or charge on property, either real or personal, as security for the payment of some debt or obligation; a hold or claim which one person has upon the property of another as a security for some debt or charge, although the property is not in the possession of the one to whom the debt or obligation is due. It includes every case in which personal or real property is charged with the payment of a debt."

On page 308 of the same volume it is said:

"The term 'lien' is used in equity in a broader sense than at law. And although it is difficult to define accurately the term 'equitable lien,' generally speaking, an equitable lien is a right, not recognized at law, and which a court of equity recognizes and enforces as distinct from strictly legal rights, to have a fund or specific property, or the proceeds, applied in full or in part to the payment of a particular debt or demand, a right of a special nature over property which constitutes a charge or encumbrances so that the property itself may be proceeded against in an equitable action, and either sold or sequestered, and its proceeds or its rents and profits applied on the debt or demand of the person in whose favor the lien exists, it being a mere floating equity until a judgment or decree subjecting the property to the payment of the debt or claim is rendered. Equity enforces the lien on the principle that a person having obtained an estate of another ought not in conscience to keep it as between them. The lien is distinct from the general title, and may exist separate from it, or both may be vested in the same person.

"Based on trust. An equitable lien has the nature of, or is analogous to, a trust and really grows out of the doctrine of constructive trusts.

"Compared with subrogation. The doctrine of 'equitable lien' follows closely the doctrine of subrogation; they both come under the maxim 'equality in equity,' and are applied only in cases where the law fails to give relief, and justice would suffer without them."

The citation of further authorities for the definition of a lien is not considered necessary.

Thus it appears that there must be an established obligation before a lien may be declared to secure it. In the absence of an established indebtedness there can be no place for an equitable lien.

In this case the complainant has failed to establish that the individual defendants owe him anything.

It may be noted also that these defendants are the insureds under the policies involved and that in three of them the complainant is the named beneficiary and in the other three the complainant's wife, now decreased, is the beneficiary under the name of Susan Scott, which was her name before she married complainant. None of the insureds are making any claim in this cause upon the policies, nor is the complainant suing as a beneficiary or as representative of his wife's estate. He claims under the allegation of his bill that he paid the premiums, and wants a lien declared in his favor. Complainant says in his supplemental brief as follows:

"This is a petition filed by complainant seeking the judgment of the Court as to whether or not he is entitled to have an equitable lien declared against the policies to partly reimburse him for premiums payments made by him on the policies for a period in excess of thirty years.

"This is not a suit on a contract of insurance, and the Metropolitan Life Insurance Company is not being sued on its contracts. Com-

plainant is not seeking a judgment against the defendant, Metropolitan Life Insurance Company.''

Again complainant says in his brief:

''Complainant has not sued defendant on the policies, and does not claim any right of action against the insurer, and does not claim that he can compel defendant to pay him the values due on the policies. Complainant has submitted his case to the Court, and if the Court, as a Court of Equity, finds, from the facts of this case, that complainant is equitably entitled to the proceeds of the policies by reason of his having paid the premiums thereon and by which payments the value of the policies was created, then the Court, independently of any provision of the policy, has the jurisdiction, power, and authority to so decree and direct the defendant to pay over the proceeds of the policies to complainant.''

Before the complainant could be entitled to any relief he must establish to the satisfaction of the court that he has a just claim against the individual defendants for specific amounts for which he is entitled to judgment and that the Insurance Company is indebted to these defendants at this time in some fixed amounts upon which a lien could be declared.

He has failed to do this. The assignments of error are therefore overruled, the decree of the chancellor affirmed and the bill dismissed at the cost of complainant.

Affirmed and dismissed.

Crownover, P. J., and Felts, J., concur.