STATE of Oklahoma, ex rel. OKLAHOMA TAX COMMISSION, Appellant,

v.

W. Everett EMERY, d/b/a Emco Advertising Company, Appellee.

No. 55570.

Court of Appeals of Oklahoma, Division No. 1.

March 2, 1982.

Approved for Publication by Supreme Court May 7, 1982.

Marjorie Patmon, Gen. Counsel, Stanley J. Alexander, Oklahoma City, for appellant, Oklahoma Tax Comn.

Bill G. Lowe, Howard B. Austin, Oklahoma City, for appellee.

REYNOLDS, Judge:

The Oklahoma Tax Commission (Appellant) appeals from an order granting a motion to quash an Order to Appear and Answer as to Assets, a motion to dismiss, and a demurrer made by W. Everett Emery (Appellee). Appellant also seeks reversal of the overruling of Attorney General's Opinion No. 76–181. Appellee had been ordered to appear and answer as to assets based on an unsatisfied tax warrant issued 18 years previously.

█ Appellee filed a sales tax return on June 28, 1959, for the period January 1, 1958, through May 31, 1959. A monthly payment agreement was entered into by Appellee and one payment was made. No other payments were made. Several letters were written to Appellee regarding the delinquent taxes. No response was received. On June 19, 1962, Sales Tax Warrant No. 274 was issued. The tax warrant was filed with the county clerk in Oklahoma County on June 21, 1962. On August 15, 1962, the sheriff returned the warrant "no property found." In 1963, the warrant was transferred to the Appellant's inactive files when a field agent reported that the Appellee's business was closed. In 1980, Appellee became delinquent in the payment of sales taxes on a new business. He again had collected sales taxes from the public and had failed to remit them. Suit was filed in district court for these new arrearages. A second payment plan was entered into with the approval of the Court. While checking its records, Appellant located Tax Warrant No. 274. Appellant contacted Appellee and suggested that the amounts due be added to the second payment plan. Appellee resisted the suggestion. Appellant filed a motion for order requiring Appellee to appear and answer as to assets and forbidding transfer, encumbrance or other disposition of the property under 12 O.S.1971, § 842 on April 17, 1980. Appellee was served with the motion and a copy of Tax Warrant No. 274 on May 8, 1980. On May 15, 1980, Appellee filed a motion to quash the order to appear and answer as to assets, a motion to dismiss and demurrer. These were granted June 27, 1980. The court sustained the motion to quash on the grounds that Appellee had not been served with summons, had not been afforded an opportunity to defend, and has had no judgment against him entered by a court. Under 12 O.S.1971, § 860, the orders mentioned in Chapter 13 of Title 12 are to be served as a summons. Due process does not require that an opportunity for judicial review be afforded prior to the inauguration of efforts to collect a tax. *Rush v. Brown*, 167 Okl. 97, 101 P.2d 292 (1940); 72 Am.Jur.2d § 786, p. 103–4.

Appellee had an adequate legal remedy under the State Uniform Tax Procedure Act. This method to challenge tax assessments has been available since 1939. Appellee could have requested a hearing before the Tax Commission under 68 O.S.1951, § 1456 (now 68 O.S.1971, § 207). If the result of the hearing was adverse, he could appeal to the Supreme Court under 68 O.S. 1951, § 1474 (now 68 O.S.1971, § 225). Appellee had an additional remedy under 68 O.S.1951, § 1475 (now 68 O.S.1971, § 226). The tax assessed could have been paid and suit could have been filed for a refund. These remedies were and are exclusive. 68 O.S.1951, § 1449; 68 O.S.1971, § 201; *Oklahoma Tax Commission v. Harris*, 191 Okl. 28, 126 P.2d 685 (1942). Appellee did not pursue any of his remedies at law.

█ Appellee's motion to dismiss was sustained on the grounds that the tax warrant was barred by the statute of limitations, 12 O.S.1971, § 92, and the dormancy statute, 12 O.S.1971, § 735. Unless a statute specifically provides otherwise, statutes of limitation do not apply to the state when it is suing in its sovereign capacity. *White v. State*, 50 Okl. 104, 150 P. 718 (1915); *White v. State*, 50 Okl. 97, 150 P. 716 (1915); 34 Am.Jur. 307; *State v. Hall*, 191 Okl. 257, 128 P.2d 838 (1942).

■ The power of taxation is a sovereign power. It is essential to the existence of state government. *Franklin v. Carter*, 51 F.2d 345, certiorari denied, 284 U.S. 664, 52 S.Ct. 40, 76 L.Ed. 562 (1931). A proceeding based on Tax Warrant No. 274 is not barred by the statutes of limitation contained in Title 12.

The dormant judgment statute, 12 O.S. 1971, § 735, reads:

If execution shall not be sued out within five years after the date of any *judgment that now is or may hereafter be rendered in any court* of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor. Provided that this section shall not apply to judgments against municipalities. [Emphasis added.]

This must be compared with the language of 68 O.S.Supp.1979, § 231, which provides that:

(a) If any tax, imposed or levied by any state tax law, or any portion of said tax, be not paid before the same becomes delinquent, the Tax Commission may immediately issue a warrant under its official seal, directed to the sheriff of any county of the state, commanding him to levy upon and sell without any appraisement of valuation any real or personal property of the taxpayer found within his county for the payment of the delinquent tax, interest and penalties, and the cost of executing the warrant, and to return such warrant to the Tax Commission, and to pay to it any moneys collected by virtue thereof, by a time to be therein specified, not more than sixty (60) days from the date of the warrant.

(b) The sheriff shall, immediately upon receipt of the warrant, file with the county clerk of his county a copy thereof and thereupon the county clerk shall record and index such warrant in the same manner as judgments using the name of the taxpayer named in the warrant, a short name for the tax, the amount of the tax or portion thereof, and interest and penalties for which said warrant was issued, and the date and time when such copy was filed. The filing of said warrant in the office of the county clerk of said county, shall constitute and be evidence and notice of the state's lien upon any interest in any real property of the taxpayer against whom such warrant is issued, *until such tax, penalty and interest accruing thereon is paid.* When a copy of a tax warrant has been filed in the office of the county clerk and the sheriff's return on the tax warrant is "no property found", the Tax Commission shall have all of the remedies and may take all of the proceedings thereon for the collection thereof which may be had or taken upon a judgment recovered in the district court in an action at law. Such lien shall be in addition to any and all other liens existing in favor of the state to secure the payment of said unpaid tax, penalty, interest and costs, and such lien shall be paramount and superior to all other liens of whatsoever kind or character, attaching to any of said property subsequent to the date and time of such filing and shall be in addition to any lien provided by Section 234 of this Code.... [Emphasis added.]

It must also be compared with 68 O.S. Supp.1979, § 234, which provides that:

(a) All taxes, interest and penalties imposed by the provisions of this article, or any state tax law, are hereby declared to constitute a lien in favor of the state upon all franchises, property, and rights to property, whether real or personal, then belonging to or thereafter acquired by the person owing the tax, whether such property is employed by such person in the prosecution of business, or is in the hands of an assignee, trustee or receiver for the benefit of creditors, from the date said taxes are due and payable under the provisions of the state tax laws levying such taxes. Said lien shall be in addition to any lien accrued by the filing of a tax warrant or tax certificate as provided by

Sections 230 and 231 of this Code. Said lien shall be prior, superior and paramount to all other liens, claims, or encumbrances on said property of whatsoever kind or character, excpt those of any bona fide mortgagee, pledgee, judgment, creditor, or purchaser, whose right shall have attached prior to the date of the filing and indexing in the office of the county clerk in the county in which the property is located, of the notice of the lien of the state under a tax certificate, as provided by Section 230 of this Code, or under a tax warrant as provided by Section 231 of this Code, and who have filed or recorded said mortgages and conveyances in the office of the county clerk of the county in which the property is located. Such taxes, penalties and interest shall at all times, constitute a prior, superior and paramount claim as against the claims of unsecured creditors. *The said lien of the state shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid. . . .* [Emphasis added.]

■ Under 68 O.S.Supp.1979, § 231 and § 234, the state acquires liens which shall continue until the delinquent tax, penalty and interest are paid. A plain reading of 12 O.S.1971, § 735 reveals that it applies to judgments rendered by a court. Attorney General's Opinion No. 76–181 correctly interprets the duration of the state's lien under 68 O.S.Supp.1979, § 234 as continuing until paid. The provisions of 68 O.S.Supp. 1979, § 231 also create a lien in favor of the state which continues until paid.

■ Appellee's motion to dismiss was also sustained because laches and estoppel were deemed to operate against the state. Whether a claim is barred by laches must be determined by the facts and circumstances of each case and according to right and justice. *Dickerson v. Fears*, 205 Okl. 181, 236 P.2d 472 (1951). Appellant did delay the enforcement of Tax Warrant No. 274 until Appellee entered into a payment plan for delinquent sales taxes on April 2, 1980. However, laches and estoppel do not apply against the state acting in its sovereign capacity because of mistakes or errors of its employees. *State ex rel. Commissioners of Land Office v. Hall*, 191 Okl. 257, 128 P.2d 838 (1942). The power of taxation is an inherent and essential attribute of sovereignty. *Daube v. Oklahoma Tax Commission*, 194 Okl. 487, 152 P.2d 687 (1944); 84 C.J.S. § 4, p. 41–6. Further, Appellee did not avail himself of the adequate remedies at law available under the state Uniform Tax Procedure Act, *supra.* He who seeks equity must do equity. The defenses of laches and estoppel are unavailable to the Appellee.

■ The order of the trial court sustaining the motion to quash the Order to Appear and Answer as to Assets, the motion to dismiss, and the demurrer is vacated. That portion of the order overruling Attorney General's Opinion 76–181 is reversed. This case is remanded to the trial court for hearing on the Order to Appear and Answer as to Assets after proper notice is given to all parties.

REVERSED and REMANDED.

WILSON, P. J., concurs.

BOX, J., not participating.