**Donald H. LADD and Marlene L. Ladd, husband and wife, and Carl L. Sebastian, and Rose Sebastian husband and wife, Appellants,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA TAX COMMISSION, Appellee.**

**No. 60104.**

Supreme Court of Oklahoma.

Sept. 18, 1984.

Joe S. Rolston III, Elliott, Woodard, Rolston & Metheny, Oklahoma City, for appellants.

J. Lawrence Blankenship, Oklahoma Tax Commission, Oklahoma City, for appellee.

DOOLIN, Justice.

The question before us is whether the State of Oklahoma, through the Oklahoma Tax Commission, is subject to the accepted common law rule that a lien on a party's interest in joint tenancy property is extinguished when the party dies, terminating the joint tenancy. We hold that the state is subject to the rule, and we reverse the District Court's decision.

The undisputed facts show that on or about February 21, 1961, Gertrude Evans, Eumon Evans and JoAnn Evans Taylor acquired by deed, as joint tenants and not as tenants in common, certain real property in Oklahoma County, Oklahoma. This deed was recorded in Book 2585 at page 560, records of Oklahoma County. On or about April 9, 1973, the Oklahoma Tax Commission, pursuant to statute (68 O.S.A. §§ 231 and 234), filed Tax Warrant No. 19395 against Gertrude Evans and Milton E. Evans for the amount of $1,286.18. Gertrude Evans died on or about June 22, 1975, and her joint tenancy interest in the subject property was terminated by order of the District Court of Oklahoma County on February 2, 1976. See No. P–76–132. At this time, the Commission had issued no execution or levies against the subject property.

The Ladds and the Sebastians, plaintiffs below, acquired the property through mesne conveyances from the surviving joint tenants. And these subsequent owners of the property brought an action

against the Commission to remove the Commission's lien of record.

▓▓▓ It is well established that normally a lien on a debtor's joint tenancy interest is extinguished if the joint tenant dies before execution on the lien. 48(a) C.J.S. *Joint Tenancy,* § 3, p. 303–304, and § 32, p. 373, and § 17, p. 346; 49 C.J.S. *Judgments,* § 491, p. 947. The general rule is that a levy or execution destroys the joint tenancy and allows the creditor to reach the interest of the debtor. Without this severance, the creditor can reach nothing after the debtor's death, because the surviving joint tenants take nothing from the deceased but take instead under the original grant. *Mercer v. Mercer,* 365 P.2d 554 (Okl.1961). *See also, American National Bank & Trust Co. of Shawnee v. McGinnis,* 571 P.2d 1198 (Okl.1977) (one joint tenant can't encumber the interest of another joint tenant); *Park State Bank v. McLean,* 660 P.2d 13 (Colo.App.1982); and *Zeigler v. Bonnell,* 52 Cal.App.2d 217, 126 P.2d 118 (1942). Normally, a joint tenant cannot bind or prejudicially affect the interests of other joint tenants. *Motz v. Central National Bank,* 119 Ill.App.3d 601, 75 Ill.Dec. 137, 456 N.E.2d 958 (1 Dist.1983).

The Commission contends, however, that the Oklahoma Legislature abolished the common law rule as to liens filed by the Oklahoma Tax Commission. It points to the wording in 68 O.S. 1981, § 231, which says in part: "The filing of said warrant ... shall constitute and be evidence and notice of the State's lien upon any interest in real property of the taxpayer against whom such warrant is issued, *until such tax, penalty and interest accruing thereon is paid* ...." [Emphasis added].

The District Court agreed with the Commission, holding that the lien is to continue "until the delinquent tax, penalty and interest are paid, this in spite of the fact that the delinquent tax payers (sic) joint tenancy interest in the property may have terminated."

The Commission also relies heavily on *State, ex rel. Oklahoma Tax Commission v. Emery,* 645 P.2d 1048 (Okl.Ct.App.1982), for support for its contention that "rules ordinarily affecting judgment liens could be easily distinguished under the Oklahoma Tax Code."

In *Emery,* the Court of Appeals held that the statute of limitations did not apply to the state when it is suing in its sovereign capacity. The Court concluded that the Commission lien at issue was not dormant despite the fact that the Commission had failed to execute on it for a time far exceeding the applicable statute of limitations period.

The statute of limitation issue in *Emery* was unlike the joint tenancy issue herein. It has long been held that statutes of limitations do not apply to a state acting as sovereign. This Court said in 1915 that "the rule is as old as the law itself that no time runs against the state." *White v. State,* 50 Okl. 97, 150 P. 716, 718, citing *United States v. Knight,* 14 Pet. 301, 315, 10 L.Ed. 465, and *State v. School District,* 34 Kan. 237, 8 P. 208 (1885). Statutes of limitation are, of course, creatures of statute; they are artificial bars to a cause of action. They must be affirmatively pleaded and thus may be waived voluntarily or involuntarily. And the public's rights should not be prejudiced because a public official does not or cannot timely bring an action on behalf of the public. *See, e.g., State ex rel. Cartwright v. Tidmore,* 674 P.2d 14 (Okl.1983); *State v. Hall,* 191 Okl. 257, 128 P.2d 838 (1942).

The concept in the case before us is different. The rule that a lien on a joint tenancy interest dies with the joint tenant is an accepted substantive concept of the common law. The Commission requests us to infer from ambiguous wording a legislative intent in derogation of the common law. This we refuse to do.

▓▓▓ The liens created by Sections 231 and 234 do indeed continue until paid. They are not defeated by the mere passage of time. But when the interest to which the lien attaches ceases to exist, the lien must also cease to exist. When Gertrude

Evans died before execution on the lien, the lien died with her.

■ The Commission also contends that this Court should grant it an equitable lien. As the Commission noted, equitable liens can sometimes survive the death of a joint tenant. But the case the Commission cites for this proposition, *Coelho v. Fernandez*, 384 P.2d 527 (Hawaii 1963), cited by 51 Am.Jur.2d *Liens*, § 14 at note 10, shows clearly why the Commission is not entitled to an equitable lien.

That case dealt with an obligation allegedly undertaken by two joint tenants. As the court wrote: "Being contractual in nature [an equitable lien] is, if established, in the nature of a mortgage and thus survives the death of [the co-tenant], as distinguished from a judgment lien which would not survive."

■ Equitable liens are often contractual in nature, and they may be akin to constructive trusts. *Shipley v. Metropolitan Life Ins. Co.*, 25 Tenn.App. 452, 158 S.W.2d 739 (Tenn.1941). An equitable lien is a remedial device used to prevent injustice. *Architectonics, Inc. v. Salem-American Ventures, Inc.*, 350 So.2d 581 (Fla.App. 1977). In short, equitable liens arise because one party owes another a duty. *See,*

*e.g., Mullens v. George C. Wright Lumber Co.*, 182 Okl. 355, 77 P.2d 700 (1938); *Guaranty Laundry Co. v. Lewis*, 184 Okl. 613, 88 P.2d 893 (1939); *Palmer v. Crews Lumber Co., Inc.*, 510 P.2d 269 (Okl.1973); *Phoenix Mut. Life Ins. Co. v. Harden*, 596 P.2d 888 (Okl.1979).

■ The Commission is not entitled to an equitable lien on the subject property. And we will not infer from the statutory wording a legislative intent to abandon the common law rule pertaining to liens on joint tenancy interests.

The District Court's decision is hereby reversed, and the Commission's lien on the subject property is extinguished.

REVERSED.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.

HODGES, J., dissents.