# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 13, 2011 Session

# THE FARMERS BANK v. CLINT B. HOLLAND, ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 2009C164     Tom E. Gray, Chancellor**

---

**No. M2011-00092-COA-R3-CV - Filed March 16, 2012**

---

This appeal arises out of a bank's suit seeking to reform a deed of trust to correct a mutual mistake, prevent unjust enrichment, and impose an equitable lien against the defendants' property. The bank appeals the finding that there was no mutual mistake and the dismissal of the complaint. Because the order appealed does not resolve all claims, we dismiss the appeal for lack of a final judgment and remand the case.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Bruce N. Oldham, Gallatin, Tennessee, for the Appellant, The Farmers Bank.

Beth Angel Garrison, Hendersonville, Tennessee, for the Appellees, Clint B. Holland, Sr., and Kenya Holland.

## MEMORANDUM OPINION[1]

## I. Facts and Procedural History

In 2005, Kenya Holland and her husband, Clint B. Holland, Sr. ("the Hollands")

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

contacted David Hayes, an employee at The Farmers Bank ("the Bank"), to establish a home equity line of credit on the residence of Julia Ryder, Ms. Holland's mother-in-law. Ms. Ryder had previously executed a Durable Power of Attorney which authorized Ms. Holland to act on her behalf. The Hollands intended to use the line of credit to refinance a home equity loan the Hollands and Ms. Ryder currently had with another institution and to use the additional funds to benefit Ms. Ryder, who was in poor health.

Mr. Hayes discussed the terms of the loan with the Hollands and agreed to put the line of credit solely in Ms. Ryder's name. Prior to closing on the loan, the Bank obtained a Final Certificate of Attorney's Opinion which certified that title was vested in the Hollands with a life estate in Ms. Ryder. The Deed of Trust included a derivative clause in the legal description of the property which stated that the property securing the loan was "the property conveyed to Clint B. Holland and wife, Kenya J. Holland, with a life estate to Julia P. Ryder by Warranty Deed . . . ." At the closing of the loan, Ms. Holland signed the Deed of Trust and the Note "Julia P. Ryder by Kenya Holland POA." The Hollands did not sign any of the documents at the closing.

Ms. Ryder passed away in March 2008, leaving the Hollands as sole owners of the property. The Hollands continued to make payments on the loan for approximately one year following Ms. Ryder's death, but discontinued payments in 2009.[2] At the time the Hollands stopped making payments, the principal amount of the line of credit was approximately $62,000.00.

On July 2, 2009, the Bank filed suit against the Hollands and requested the following relief:

> 2. That this Court enter a declaratory judgment to determine the rights and liabilities of the parties with respect to the loan transactions described herein.
>
> 3. That this Court that [sic] the Defendants, Clint B. Holland, Sr. and Kenya Holland, are jointly and severally liable to the plaintiff for the balance due under the Home Equity Line of Credit Agreement based upon implied contract and unjust enrichment.
>
> 4. That this Court reform the Home Equity Line of Credit Agreement and Deed of Trust . . . to correct the mutual mistake of the parties and to add

---

[2] Ms. Holland testified that she could no longer afford to make monthly payments because the Bank changed the terms of the loan from interest only to principal and interest.

the names of the Defendants, Clint B. Holland, Sr. and Kenya Holland, as parties to these instruments.

5. That this Court enter a judgment against the Defendants, Clint B. Holland, Sr. and Kenya Holland, jointly and severally for the balance due on the Home Equity Line of Credit Agreement in the sum of $63,198.50 principal and $698.29 interest, for a total of $63,896.79 as of June 30, 2009, with interest accruing thereafter at the rate of $6.9258 per day.

6. That this Court impose an equitable lien against the property . . . to secure the obligation owed by the Defendants . . . .

The court held a bench trial on November 17, 2010 at which Mr. Hayes and Ms. Holland testified. At the close of the Bank's proof, the Hollands moved for a directed verdict which the court granted.[3] In its ruling, the court stated, "There was no mutual mistake of fact; that is, the bank and Mrs. Holland knew that the contract was just with Mrs. Ryder and the bank." The court entered a Final Order on December 16, 2010 finding that "Defendants have no liability on the loan at issue" and dismissing the case with prejudice. The Bank appeals, raising the following issues:

---

[3] Because this was a non-jury trial, the appropriate motion was one for involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02(2) which states:

(2) After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiffs evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court grants the motion for involuntary dismissal, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

"[M]otions for directed verdicts have no place in bench trials . . . ." *Burton v. Warren Farmers Coop.*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002) (citing *Cunningham v. Shelton Sec. Serv., Inc.*, 46 S.W.3d 131, 135 n.1 (Tenn. 2001); *City of Columbia v. C.F.W., Constr. Co.*, 557 S.W.2d 734, 740 (Tenn. 1997); *Scott v. Pulley*, 705 S.W.2d 666, 672 (Tenn. Ct. App. 1985). Accordingly, we treat the motion as one for involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02(2).

I. Whether the trial court erred by granting an involuntary dismissal based on a finding that there was no mutual mistake between the parties to the contract at issue?

II. Whether the trial court erred by granting an involuntary dismissal without addressing the Appellant's claim based on unjust enrichment?

III. Whether the trial court erred by granting an involuntary dismissal without addressing the Appellant's claim for an equitable lien?

## II. Discussion

As a threshold matter, we consider, pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, whether the order from which this appeal is taken is final for purposes of appellate review. The court dismissed the entire action based upon its finding that the parties were not operating under a mutual mistake; the court made no findings regarding the Bank's claim of unjust enrichment or request for an equitable lien. The finding of lack of mutual mistake, however, is not dispositive of the Bank's claims for unjust enrichment and for equitable relief.[4] The court should have proceeded to consider whether, at the time the motion was made, the Bank had demonstrated an entitlement to relief in accordance with Rule 41.02 and, as necessary, find the facts and state its conclusions relative to each of those claims.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment resolving all the claims between the parties. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). A final judgment leaves "nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d at 645 (citing *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tennessee Rule of Appellate Procedure 3(a) provides in relevant part that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ." Tenn. R. App. P. 3(a). We only have subject matter jurisdiction over final orders. *Bayberry Assoc. v. Jones*, 783 S.W.2d. 553 (Tenn. 1990).

---

[4] A claim for unjust enrichment requires the court to consider whether there was: 1) "[a] benefit conferred upon the defendant by the plaintiff"; 2) "appreciation by the defendant of such benefit"; and 3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn.2005) (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn.1966)). A court may decree an equitable lien "in cases where the law fails to give relief and justice would miscarry but for its declaration." *In re Edgewater Motel, Inc.*, 121 B.R. 962, 973 (Bankr. E.D. Tenn. 1988) (citing *Milam v. Milam*, 200 S.W. 826 (Tenn. 1917); *Shipley v. Metro. Mortg. Co.*, 158 S.W.2d 739 (Tenn. Ct. App. 1941)).

4

## III.  Conclusion

For the foregoing reasons, we dismiss the appeal without prejudice to the filing of a new appeal once final judgment is rendered.  The case is remanded to the trial court for further proceedings consistent with this opinion.


_____
RICHARD H. DINKINS, JUDGE