The Dime Savings Bank of Brooklyn, Respondent, v. Beckey [Rebecca] Altman, Appellant, and Others, Defendants.— Order granting plaintiff's motion for summary judgment, striking out the answer of defendant Altman and dismissing the counterclaims, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Order denying said defendant's motion for an order framing issues to be tried by a jury reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs. Appeal from order denying motion for reargument dismissed. In our opinion, the admitted possession of the premises and the acts of dominion over them by the plaintiff were illegal. The assignment of rents clause did not vest the respondent with possession upon default. It was entitled to an assignment of the rents and nothing more. Such relief might have been had by appropriate legal action, had it been denied. The owner was entitled to possession until the time of sale. Inasmuch, however, as the default in the terms of the mortgage is not disputed, the rents in any event belonged to the respondent and damages, if any, resulting from the wrongful withholding of possession and trespass, must be predicated on elements other than the collection of such rents and their application to the reduction of the indebtedness. As the acts of possession and dominion are undisputed there seems to be no necessity for the determination of that issue as one of fact. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur. Settle order framing issues on notice.

John F. Fellows, Respondent, v. Title Guarantee and Trust Company, Appellant.— Action upon a rescission of a contract of sale of a guaranteed mortgage certificate, which contract was rescinded because of alleged fraud practiced in the sale of the certificate. Order granting examination of the defendant before trial affirmed, with ten dollars costs and disbursements. The examination will proceed at the place fixed in the order on three days' notice. No opinion. Young, Carswell, Davis and Taylor, JJ., concur; Adel, J., taking no part.

Morris Goldstein, Respondent, v. Massachusetts Accident Company, Appellant.— In an action to recover on a policy of disability insurance the defendant set up in its answer the defenses of false and fraudulent representations made in the application in respect to the age of the insured, his consultation with physicians and treatments by them and as to his state of health at the time the application was made — all these alleged false representations having been made with intent to deceive and that the policy thereby became barred. The defendant moved for summary judgment, relying upon certain documentary evidence. The plaintiff, in answer to this documentary proof, gave explanation and stated that the facts contained therein were not correct, and that the facts stated in the application were literally true. A portion of this documentary evidence apparently would not be admissible on the trial unless there were express waiver at that time or testimony on the part of the plaintiff constituting waiver. Order denying motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Young, Carswell, Davis, Adel and Taylor, JJ., concur.