HARRY E. WITSCHGER, Respondent, *v.* J. K. MARVIN & Co., INC., and Others, Defendants.

P. WALKER MORRISON and Others, as Trustees, under a Declaration of Trust, Dated September 15, 1936, for the Benefit of Certificate Holders in Series QNS-GNY, Appellants; OLIVER E. MOSSER, Receiver, Respondent.

Second Department, July 1, 1938.

*Emanuel H. Reichart,* for the appellants.

*Arthur H. Lundberg* [*Oliver E. Mosser* of counsel], for the respondents.

HAGARTY, J.   Appellants are trustees appointed in a proceeding for the reorganization of mortgage investments issued by the Greater New York-Suffolk Title & Guarantee Co.   As such, they aver that they are the owners and holders of a first mortgage

covering premises situated at Smithtown, Suffolk county, upon which there is stated to be an unpaid balance of $27,500.

Originally, J. K. Marvin & Co., Inc., made a mortgage, on the 28th day of August, 1929, to F. G. Booth Lumber Co., Inc., covering the demised premises, in the sum of $8,875.88. This mortgage recites a prior lien in the sum of $6,000. Thereafter, and on the 29th day of September, 1930, J. K. Marvin & Co., Inc., executed a mortgage to the Greater New York-Suffolk Title & Guarantee Co. in the sum of $22,500. This latter mortgage contains the usual provision entitling the mortgagee to the appointment of a receiver and also provides " and in the event of any default in paying said principal or interest, such rents and profits are hereby assigned to the holder of this mortgage as further security for the payment of said indebtedness." The mortgage from Marvin to Booth was assigned by the latter to the title company on the 21st day of November, 1933, the sum then due being $5,019.80. The two mortgages were consolidated and extended by consolidation agreement dated the 27th day of November, 1933. Previous to that time, and on the 10th day of April, 1933, Marvin & Co., Inc., executed and delivered to the title company an assignment of rents agreement, which relates, however, only to the mortgage in the sum of $22,500. It recites arrears of taxes and interest and provides that, as further security, the rents be assigned to the mortgagee, to be applied to the carrying charges of the property, including payments on account of principal and interest upon the bond and mortgage. By its terms, the mortgagor irrevocably appoints the mortgagee as its agent and attorney to collect and receive rents, to make leases for terms not exceeding three years, to commence and prosecute summary proceedings, and to apply rents to the payment of taxes, assessments, water charges and repairs.

Pursuant to this agreement, the title company went into possession of the premises and it and its successors have remained continuously in possession since 1933. The record is barren of facts pertaining to the second mortgage save that a receiver was appointed on the 23d day of June, 1937, in an action to foreclose it. He was to serve " pending this action."

The sale pursuant to judgment in the foreclosure action was held on the 7th day of September, 1937, the purchaser being the second mortgagee, and to him there was delivered a referee's deed on the same day. The receiver reports as of the 10th day of September, 1937, that "As Receiver, I surrender possession of the said premises to the purchaser." On the 16th day of July, 1937, this mortgagee had advanced to appellants the sum of $1,327.15 in

payment of arrears of interest as well as costs and disbursements in a foreclosure action instituted by them, whereupon they discontinued their action. It is averred, without denial, that the payment of the balance of moneys on hand to appellants pursuant to the direction in the second order meets the interest payment due on the consolidated mortgage in full, so that there are no arrears of any kind with respect to that mortgage. The due date, however, does not appear in the record.

Appellants assert a status as mortgagee in possession and claim that they are entitled to continue that possession, even as against the purchaser at the foreclosure sale under the second mortgage, until such time as their mortgage indebtedness is paid in full.

The term " mortgagee in possession " has acquired a peculiar significance which remains despite the evolution of the law pertaining to mortgages from the defeasible title to the lien theory. Under the English doctrine, the mortgage conveys a legal title to the mortgaged premises. (*Hubbell* v. *Moulson*, 53 N. Y. 225, 228.) The first mortgagee, under the English practice, is called the legal mortgagee and, as such, is vested with the legal title and the right to immediate possession. (High on Receivers [4th ed.], § 679, p. 832.) In *Berney* v. *Sewell* (1 Jac. & W. 647) the rule is stated by Lord ELDON as follows: " If a man has a legal mortgage, he cannot have a receiver appointed; he has nothing to do but to take possession. If he has only an equitable mortgage, that is, if there is a prior mortgagee, then, if the prior mortgagee is not in possession, the other may have a receiver, without prejudice to his taking possession; but, if he is in possession, you cannot come here for a receiver; you must redeem him."

Despite the settled doctrine in this State that a mortgagee has, by virtue of his mortgage, a lien only, and not an estate in the land mortgaged, the earlier cases indicate that, at law, the mortgagee was nevertheless deemed the owner of the estate, and took the rents and profits in that character. (*Hubbell* v. *Moulson, supra*, p. 228.) A history of the weaning from the theory that a mortgagee had title to the land, even at law, is set forth in *Barson* v. *Mulligan* (191 N. Y. 306). It was there held that, even though there was a default, a mortgagee could not, without the consent of the mortgagor, acquire possession and hold himself out as a mortgagee in possession and entitled to retain such possession until such time as the mortgage debt was paid in its entirety. A mortgagee may not appropriate possession of mortgaged property, nor even metamorphose a possession, pursuant to lease, into one as mortgagee. Nevertheless, the authority of the *Barson* case (*supra*) establishes that, when a mortgagee acquires possession by consent

of the mortgagor, and entry thereunder is made under circumstances not inconsistent with the relative legal rights of mortgagor and mortgagee, the possession of the mortgagee may properly be regarded as lawful, and he is entitled to remain in possession until his debt is extinguished. Such possession, however, even though upon consent, does not serve to vest the mortgagee with title to the premises, and the title remains in the mortgagor. WERNER, J., writing in the *Barson* case (*supra*, p. 314), states: " When the estate in fee was regarded as belonging to the mortgagee, the right of possession naturally followed ownership; but when title was held to remain in the mortgagor until divested by sale under foreclosure, the possessory right of the mortgagee became a legal anomaly that could not survive."

Such possession by the mortgagee, therefore, is independent of title. The mortgagee has no estate in the land, but his possession pursuant to consent may ripen into an acquirement of the property itself as a pledge for the payment of the debt, and he is entitled to possession as pledgee until the debt is paid. (*Trimm* v. *Marsh*, 54 N. Y. 599.) " The mortgagor's title is still a legal one, with all the incidents of a legal title subject to the pledge, and the mortgagee's interest is still a mere debt secured by the pledge." (*Becker* v. *McCrea*, 193 N. Y. 423, 427, quoting from *Trimm* v. *Marsh*, *supra*.) However, the mortgagee in possession as pledgee cannot be deprived of such possession until his debt is paid. In *Madison Av. Bap. Ch.* v. *Oliver St. Bap. Ch.* (73 N. Y. 82, 94) EARL, J., writes: " While under our present law a mortgagee cannot bring ejectment to obtain possession of the mortgaged premises, being lawfully in possession under a mortgage upon which some amount is due, he can retain such possession against the mortgagor until such amount has been paid. (*Van Duyne* v. *Thayre*, 14 Wend. 233; *Phyfe* v. *Riley*, 15 id. 248; *Kortright* v. *Cady*, 21 N. Y. 343; *Trimm* v. *Marsh*, 54 id. 599; *Russell* v. *Ely*, 2 Black [U. S.], 575.) It is ordinarily sufficient that a mortgagee is *lawfully* in possession after default upon the mortgage. The court will not then deprive him of the possession until his mortgage has been paid."

A receiver appointed in a foreclosure action of a second mortgage cannot deprive a mortgagee in possession of such possession, nor did the enactment of the moratorium statutes affect that right. (*Zajic* v. *Sikora Realty Corporation*, 252 App. Div 343.)

Assuming that the mortgage under which the assignment of rents agreement was executed was, in fact, a first mortgage, and that appellants held possession as mortgagee, the denial of the motion to vacate the receivership was erroneous, but the scope of

that receivership now presents little more than a question of academic interest. The receivership has been terminated, the receiver has surrendered possession, and he has been directed to pay over to appellants the net proceeds in his hands. Circumstances, however, may make it proper for the court to appoint a receiver despite possession of the premises by the mortgagee. (*Zajic* v. *Sikora Realty Corporation, supra.*) It has even been held proper to defer until the settlement of the receiver's accounts the issue arising out of the rights of respective parties, despite the application of a mortgagee in possession to vacate a receivership. (*Harris* v. *Taylor*, 35 App. Div. 462; 36 id. 635; appeal dismissed, 159 N. Y. 533). In view of all of the circumstances, the denial of the motion to vacate the receivership should be affirmed.

The important question sought to be determined is whether or not the possession of a mortgagee in possession is paramount to that of the right to possession of a purchaser at the foreclosure of a junior mortgage.

The senior mortgagee had no inherent right to possession pursuant to the terms of the mortgage. Although the mortgage contained an assignment of rents clause, such rent, in and of itself, is personalty, and an assignment thereof does not connote a right to possession of the realty. (*Holmes* v. *Gravenhorst*, 263 N. Y. 148, 152; *Dime Savings Bank of Brooklyn* v. *Altman*, 246 App. Div. 823; 249 id. 174; affd., 275 N. Y. 62; *Sullivan* v. *Rosson*, 223 id. 217; *Harris* v. *Taylor*, 35 App. Div. 462, 467.) Rents may be assigned to one and the reversion to another. (*Conley* v. *Fine*, 181 App. Div. 675, 677.) It is to be noted that the mortgage does not even provide for entry by the mortgagee in the event of default.

Independent of, and in addition to, the assignment of rents, the mortgagee required the consent of the mortgagor to possession as a prerequisite to fixation of his status as mortgagee in possession. Such status as pledgee of the property is inconsistent with the right of the owner of the fee to create a lien, even though junior in character, importing possession upon foreclosure, or to give such consent as would work a pledge of the property to another. The right to possession, in my opinion, is dependent upon the ability of the mortgagor to give possession at the time of giving consent to the mortgagee who claims as pledgee.

As has been stated, the mortgagee's possession did not accrue as an incident of the mortgage, but was extraneous thereto, and it was no longer within the power of the mortgagor to pledge the property if he had already imposed upon it such a lien as would ordinarily entitle a purchaser, upon foreclosure, to possession. Specifically, in the event of foreclosure of a junior mortgage, and

immediately prior to the sale, a mortgagor is without power, by assignment of rents agreement or otherwise, to put a senior mortgagee in possession and so deprive the junior mortgagee of any remedy until such time as the debt of the senior mortgagee is paid in full; nor may a mortgagor, after placing the senior mortgagee in possession, deprive the latter thereof by giving another mortgage, so long as such possession of the senior mortgagee continues. A junior mortgagee who takes such a lien despite the existing possession of a prior mortgagee, does so at his peril. The prime factor, in my opinion, is the time of the making of the junior mortgage with respect to the possession of the appellants and their predecessors under the assignment of rents agreement. The present record does not disclose this or other factors which might be material.

The appellants, however, were not joined as parties defendant to the foreclosure action. Although respondents argue that the appellants were not proper or necessary parties, their possession pursuant to the agreement constituted an incumbrance within the meaning of paragraph 6 of subdivision 1 of section 1079 of the Civil Practice Act, and they should have been joined as parties defendant if plaintiff-respondent sought judgment to the effect that foreclosure of the lien of his mortgage vested possession paramount to that of the appellants. In *Harris* v. *Taylor* (*supra*) the only question which the mortgagee presented was that of his right to the proceeds of the receivership.

It does not follow, however, that the relief which appellants seek may be granted. The appeal from the second order is from so much thereof as denies the appellants' motion to direct the receiver to surrender the premises to them. This the receiver could not do. He had been appointed for the pendency of the foreclosure action, which was terminated by sale, and, so far as appears, he had quit the premises prior to the return of the motion. In any event it was not within his province to surrender the premises to any one. He was there simply to receive the rents and profits and to account for them.

The orders, in so far as appealed from, should be affirmed, with one bill of ten dollars costs and disbursements.

LAZANSKY, P. J., JOHNSTON and CLOSE, JJ., concur; ADEL, J., concurs in result.

Orders of the County Court of Suffolk county affirmed in so far as appealed from, with one bill of ten dollars costs and disbursements.