In the Matter of Supplementary Proceedings: MORTIMER F. CORWIN and EDGAR L. RICHARDS, d/b/a OVERHEAD DOOR SALES CO., Judgment Creditors, Appellants, *v.* HOWARD D. SCHAFER, Judgment Debtor.

CITY & COUNTY SAVINGS BANK, Third Party, Respondent.

Third Department, November 13, 1940.

*Edgar S. Knox*, for the appellants.

*Thacher & Casey* [*Joseph J. Casey* of counsel], for the respondent.

HILL, P. J. Appellants are the judgment creditors of Howard D. Schafer who owns real property upon which the third party, City & County Savings Bank, holds mortgages. The appeal is from two orders, (1) denying appellants' motion for an order directing the third party bank to pay to the attorney for the judgment creditors moneys which it has in an account known as " Special Bond and Mortgage Account No. 1221," which is an accumulation of rentals heretofore collected for the occupancy of the mortgaged real property belonging to the judgment debtor; (2) an order which directs the attorney for the judgment creditors to refund to the third party bank $190 which he has collected, under a permissive order (Civ. Prac. Act, § 794) in supplementary proceedings, from the tenants occupying the judgment debtor's real property.

The bank claims to be a mortgagee in possession under its three mortgages aggregating $3,636.39. While it is asserted that the occupancy as mortgagee in possession began about May 1, 1933, the first writing that bears upon the right to possession is dated August 1, 1936, signed by the mortgagor and addressed to a real estate broker, Reineck. The text of the letter follows: " The undersigned, owner of property 455 Jay Street, Albany, N. Y., hereby authorizes you to collect rents and manage the above property and after deducting your commission and expenses for necessary repairs, to remit the balance to the City and County Savings Bank, 100 State Street, Albany, New York, to be applied toward the interest, taxes and other indebtedness in connection with the first mortgage which it holds on the above property. It

is understood and agreed that you will in no way be responsible for seeing that this property is covered by insurance in any form. Please notify me of any repairs which I can do myself." The text of the letter gainsays the claim of possession by the bank. The mortgagor speaks therein as one who is retaining possession rather than yielding it. However, the affidavit presented by a vice-president of the bank says: "That on the solicitation of an officer of said bank, the defendant named above agreed that the rental from said property should belong to the said bank, to be credited upon the several bonds and mortgages above mentioned, defendant then being in default." The affidavit of Schafer, the judgment debtor and mortgagor, recites that some years ago there was a default in the payment of interest or taxes upon the bank's mortgage and " deponent agreed that from thenceforth the rentals from said property should be collected by a third party and paid over to the bank, to be credited upon the several bonds and mortgages above mentioned," and further that the proposal went into effect and that thereafter the rentals " were duly collected and turned over to the bank to be applied upon said bonds and mortgages." The bank has deposited these rentals in a special account No. 1221, and as taxes and interest became due has drawn thereon in sufficient amounts to pay these items. Interest upon the balance of the account has been credited thereto. Schafer in his affidavit says concerning the payments: " No relation of depositor was created by said payments by said defendant to said bank, and the money so received as rentals by said bank was to be, and presumably was, applied on account of said mortgages."

We are to determine (1) under the foregoing facts whether the rents already received by the bank pursuant to the letter quoted and the oral agreements, belong to the bank, being payments made by its debtor, or belong to the judgment debtor until such time as the bank by transferring the funds from the special account No. 1221, becomes the owner thereof, and (2) whether the bank has title to the rentals accruing so that the $190 collected from tenants by the judgment creditors must be returned to the bank.

A mortgagor, both before and after default, is entitled to the possession of the premises, of which he cannot be deprived without his consent, except through foreclosure. (*Trimm* v. *Marsh*, 54 N. Y. 599.) One cannot become a mortgagee in possession unless his entry is with the consent of the owner of the equity of redemption express or implied. (*Howell* v. *Leavitt*, 95 N. Y. 617; *Barson* v. *Mulligan*, 191 id. 306; *Becker* v. *McCrea*, 193 id. 423; *Witschger* v. *Marvin & Co., Inc.*, 255 App. Div. 70.) An occupancy which

begins as a tenancy under a lease, or the exercise of a limited control over the real property, is not sufficient to constitute one a mortgagee in possession. (*Barson* v. *Mulligan, supra.*)

The letter of August 1, 1936, while not sustaining or indicating that the bank went into possession of the property, did direct that the balance of rentals be paid on the mortgage debts owing to the bank. A debtor may use his unattached funds to pay any debt which he selects, so long as it is not an illegal preference. If the creditor bank accepted this money as a payment upon the debt owing by its mortgagor, he does not have title to the funds in the special account which may be reached through supplementary proceedings. The assertions in the affidavits, both on behalf of the bank and Schafer, sustain a determination that the balance of rents turned over by Reineck were payments on the mortgage debt owing to the bank. The only contrary item of proof is the conduct of the bank in keeping these funds in a special account upon which interest was paid, and drawing thereon only as taxes and interest became due. The order denying the judgment creditors' application for these funds should be affirmed with a modification. It is provided in the second subdivision of section 794 of the Civil Practice Act: " If it shall appear to the satisfaction of the court that the said third party is indebted to the judgment debtor the court must grant such an order [directing a fund to be turned over] unless the said third party or judgment debtor shall show such facts as may be deemed by the court sufficient to entitle the said judgment debtor or third party to a trial of the issues in an action brought by the judgment creditor or a receiver of the judgment debtor or any claimant to said indebtedness." The order should be modified to provide that it is not a final determination as to the ownership of special account No. 1221, and that the judgment creditors may, if so advised, bring the action mentioned in the above quotation. As so modified, the order should be affirmed, with costs.

There is no evidence which supports the determination that the bank is a mortgagee in possession. The judgment debtor's letter to Reineck authorized the latter to " manage " the property and to remit balances of rentals to the bank. It reserved to the owner the duty of effecting insurance and of making repairs. The affidavit of the vice-president is a conclusion founded upon hearsay, but does not support the contention that the bank is a mortgagee in possession. It recites that the owner on solicitation of some unknown officer of the bank " agreed that the rental from said property should belong to the said bank." This is not such an assignment as would impress a lien as to future earned rents, nor did

the third party thereunder become entitled, as one in possession by the consent of the owner, to all future rents. The order requiring the attorney for the judgment creditors to refund the $190 should be reversed, with costs.

CRAPSER, BLISS and FOSTER, JJ., concur; HEFFERNAN, J., dissents and votes to affirm the orders on the ground that it appears that the bank has the status of a mortgagee in possession and consequently is entitled to the rental. (*Witschger* v. *Marvin & Co., Inc.*, 255 App. Div. 70.)

Order No. 1, concerning the special account, modified as indicated in opinion, and as so modified affirmed, with costs.

Order No. 2, concerning the refund of $190, among other things, is reversed on the law and facts, with costs.