AMERICAN NATIONAL BANK AND TRUST COMPANY OF SHAWNEE, Shawnee, Oklahoma, et al., Appellees,

v.

Thomas Pat McGINNIS et al., Appellants.

No. 48481.

Supreme Court of Oklahoma.

March 15, 1977.

Rehearing Denied Dec. 21, 1977.

Clarke & Van Wagner, Inc. by George Van Wagner, Shawnee, for appellees.

Richard James, Stroud, for appellants.

BERRY, Justice:

On December 18, 1969, defendants, Pat and Kathy McGinnis, acquired a tract of land in joint tenancy. Pat executed a mortgage on December 1, 1970, in favor of American National Bank and Trust Company of Shawnee [Bank] as security on a note; Kathy did not join in the mortgage. On May 31, 1971, Pat and Kathy conveyed by warranty deed to John and Marclyn McGinnis, defendants, an undivided one-half interest in joint tenancy. On January 25, 1972, Pat and Kathy executed another mortgage in favor of Bank on the tract. Bank brought this action to foreclose mortgages, inter alia.

The action was tried to Court, sitting without jury, and judgment was entered for Bank. The court found "plaintiff has a first, valid and prior lien by reason of the mortgages * * * upon a three-fourths [¾] undivided interest in the * * * real property * * *" The defendants appealed. The Court of Appeals, Division 1, affirming, said: "The trial court held that the conveyance of an undivided one-half interest to John and Marclyn McGinnis was in effect a conveyance of a one-fourth interest from Kathy and a one-fourth interest from Pat, even though encumbered. This left an unencumbered one-fourth interest in Kathy which was mortgaged to Bank at the time of second mortgage." However, Journal Entry of Judgment does not indicate this was the theory of trial court. Nonetheless, whatever the theory of trial court, the result is correct.

A joint tenancy is created only when unities of time, title, interest, and possession are present; unity of time requires interests of joint tenants to vest at the same time; unity of title requires parties to take their interests by the same instrument; unity of interest requires estates of same type and duration; and unity of possession requires joint tenants to have undivided interests in the whole, not undivided interests in the several parts. *Equitable Life Assur. Soc. of U. S. v. Weightman*, 61 Okl. 106, 160 P. 629. See 4A Powell, Real Property § 615 [1975]; 4 Thompson, Real Property § 1777 [Grimes ed. 1961]; Reynolds, Co-ownership of Property in Oklahoma, 27 Okl.L.Rev. 585 [1974]. Alteration of any required unity will destroy the joint tenancy. For example, if A and B hold as joint tenants and B, with or without the permission of A, conveys to C, the joint tenancy is destroyed because unity of interest is eliminated; the result is A and C hold as tenants in common, each having an estate of a whole undivided half interest. Similarly, if A, B and C are joint tenants and C conveys to D, A and B continue as joint tenants in an undivided two-thirds of the whole estate and D has the whole of an undivided one-third as a tenant in common

with A and B. See Cribbett, Principles of the Law of Property 94–7 [1962].

 Significantly, one joint tenant · cannot encumber the interest of another joint tenant. *Utilities Production Corp. v. Riddle,* 161 Okl. 99, 16 P.2d 1092; *People v. Nogarr,* 164 Cal.App.2d 591, 330 P.2d 858, 67 A.L.R.2d 992. See 4 Thompson, Real Property § 1780 [Grimes ed. 1961]. Since a mortgage is a mere lien or charge upon mortgagor's interest which does not transfer any legal title to mortgagees or entitle mortgagees to possession, it does not destroy any unity and, therefore, estate in joint tenancy is not severed and converted to tenancy in common.

Applying the foregoing principles to the instant facts we determine that Bank is entitled to foreclose on mortgages executed by Pat and Kathy McGinnis, severing joint tenancy existing between themselves and reducing joint tenancy between John and Marclyn McGinnis, and it acquires an undivided three-quarters interest as a tenant in common.

Pat and Kathy McGinnis held tract in question in joint tenancy. The subsequent mortgage by Pat and his interest did not encumber Kathy's interest and, moreover, did not convert the estate to tenancy in common. The grant of an undivided half interest in tract to John and Marclyn as joint tenants served to distribute title as follows: [1] Pat and Kathy are seized of an estate in joint tenancy in an undivided half interest in the whole; [2] John and Marclyn are seized of an estate in joint tenancy in an undivided half interest in the whole; [3] Pat and Kathy are tenants in common with John and Marclyn, each pair having a whole undivided one-half interest.

Half of Pat's encumbrance also went with the conveyance to John and Marclyn, leaving his interest in the retained undivided half encumbered. See 46 O.S.1971 § 7. Also, Kathy's subsequent execution of mortgage covering tract subjected her interest in retained undivided half interest to a mortgage lien.

The Bank by foreclosure, thereby severing joint tenancy of Pat and Kathy and reducing the John and Marclyn estate by half, succeeds to interest of Pat, Kathy and the encumbered quarter interest from the John and Marclyn joint estate. The result is Bank has a whole undivided three-quarters interest and John and Marclyn have an undivided quarter interest in joint tenancy; Bank and John-Marclyn are tenants in common.

Certiorari granted, opinion of Court of Appeals vacated and judgment of trial court affirmed.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS and IRWIN, JJ., concur.

BARNES and DOOLIN, JJ., concur in result.