George Monty HILL, Appellant,

v.

Robyn Rochelle HILL, Appellee.

No. 58474.

Supreme Court of Oklahoma.

July 26, 1983.

Albert W. Murry, Oklahoma City, for appellant.

Merson & Campbell, Oklahoma City, for appellee.

LAVENDER, Justice:

Plaintiff/appellant appeals certain provisions of a divorce decree judgment relating to division of jointly acquired property, assessment of costs for appraiser's fee, and attorney fees.

Plaintiff and defendant commenced dating in 1974 and the relationship ripened into marriage on August 1, 1980. In January 1979, real property, which became a home of the parties, was purchased in the names of George Monty Hill, Jr., a single man, and Robyn R. Wood, a single woman, as joint tenants and not as tenants in common, with the right of survivorship. Plaintiff filed suit for divorce on September 28, 1981, and on March 30, 1982, the trial court entered a judgment granting each party a divorce from the other on the grounds of incompatability. On appeal, plaintiff alleges error as to certain provisions of the decree other than the granting of the divorce.

In dividing the marital estate between the parties, the trial court treated the home of the parties as being jointly-acquired property despite plaintiff's offer of proof that the initial payment on the purchase price was made by plaintiff alone prior to the marriage, which offer of proof was rejected by the trial court. Plaintiff alleges error in the rejection of his offer of proof.

Title 12 O.S.1981 § 1278 provides, in part:

"The court shall enter its decree confirming in each spouse the property owned by him or her before marriage and the undisposed-of property acquired after marriage by him or her in his or her own right."

### I.

In reviewing the history of joint tenancy in Oklahoma, this Court said in *Raney v. Diehl*, Okl., 482 P.2d 585 (1971):

"Joint tenancies were recognized at commonlaw, and in Oklahoma prior to statutory enactment. (Citation omitted.) In 1945 our legislature made specific provision for estates in joint tenancy with right of survivorship (other than between married persons) by enactment of our statute, (now 60 O.S.1981 § 74).

\* \* \* \* \* \*

"The statute did not employ the term 'survivorship.' In construing this statute

it was recognized joint tenancy had a well defined meaning at common law, the distinguishing characteristic being survivorship. Since the legislature neither defined the term nor used language indicating contrary intent, it was to be presumed the term was used in the technical common law sense. (Citation omitted.)

\*   \*   \*   \*   \*   \*

"Plain language of the statute, supra, provides for creation of joint tenancy estates, or interests, when created by single instrument, and *when expressly declared in the instrument* . . . . Thus joint tenancies founded upon express, written declaration in a single instrument encompass the element of intent and leave no question as to creation of the relationship."

It is such an instrument that is now before us.

In *Am. Nat. Bank & Trust Co. of Shawnee v. McGinnis,* Okl., 571 P.2d 1198 (1977) we pointed out:

"A joint tenancy is created only when unities of time, title, interest, and possession are present; unity of time requires interests of joint tenants to vest at the same time; unity of title requires parties to take their interests by the same instrument; unity of interest requires estates of same type and duration; and *unity of possession requires joint tenants to have undivided interests in the whole, not undivided interests in the several parts.* (Citations omitted.)" (Emphasis added.)

Title 60 O.S.1981 § 74 provides, in part:

"A joint interest is one owned by several persons in either real or personal property *in equal shares,* being a joint title created by a single instrument, will or transfer *when expressly declared in the instrument, will or transfer to be a joint tenancy,* . . . ." (Emphasis added.)

Thus, in the ancient language of the common law (and by statutory affirmation of the common law in Oklahoma), joint tenants were said to hold per my et per tout or, as expressed in plainer language, "by the moiety or half and by the whole." 20 Am. Jur.2d Cotenancy and Joint Ownership § 7.

The deed by which plaintiff and defendant acquired title to the land is clear and unambiguous both as to its nature and, by law, as to the interest therein conveyed to each. It was a joint tenancy deed with right of survivorship by virtue of which each acquired a present vested interest in half and in the whole of the title thereto. There is neither necessity nor basis for invention or application of any "presumption" as to what interest either acquired. Neither can any disproportionate contribution of the purchase consideration by one of the grantees by that fact alone create a "trust" under which the lesser contributor holds title in trust for the greater contributor to the extent of the excess contribution interest pursuant to 60 O.S.1981, § 137. Section 137 provides: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." This section is the embodiment of the common law rule as to resulting trusts. *Oklahoma City v. Vahlberg,* 197 Okl. 613, 173 P.2d 736 (1946). It at most creates a rebuttable presumption. *Brinkley v. Patton,* 194 Okl. 244, 149 P.2d 261 (1944). But there can be no "presumption" of the acquisition of a disproportionate interest and a resulting trust where by the clear and unequivocal conveyance an equal interest is, as a matter of law, conveyed or transferred to the grantees. Whether the plaintiff and defendant were at the time of the conveyance married to each other is immaterial where the conveyance is in the form of a joint tenancy with right of survivorship.

In *Shackelton v. Sherrard,* Okl., 385 P.2d 898 (900–901) (1963), we said:

"One of the characteristics of joint tenancy is the equality of interest held by the respective tenants. (Statute and citations omitted.) Although the interests of joint tenants are presumed to be equal, nevertheless, if there is proof of some special agreement between them (at the time of the conveyance or transfer) at variance with the legal presumption of equality, their rights and interests will

then be fixed in accordance with their own agreements.

"Here the plaintiff did not plead nor offer to show a special agreement. The mere fact of a greater contribution will not overcome the presumption of equality." (Citation omitted.)

What we said in *Shackelton* is equally applicable in the case before us. Plaintiff neither sought to reform the deed of conveyance, nor offered to prove a special agreement with the defendant at variance with the joint tenancy deed. As in *Shackelton* the plaintiff merely offered to prove a greater premarital contribution toward the purchase price of the property than was made by defendant. It was therefore not error for the trial court to reject the offer of proof and to treat the real property as jointly acquired property in its entirety.

## II.

The trial court awarded to defendant her property owned prior to the marriage, certain specific items of jointly acquired property and $6,000 alimony in lieu of property settlement, said alimony being in the form of a lien on the home which was awarded to the plaintiff. In addition to the equity in the home, plaintiff was awarded the remaining items of personal property, the savings account, and a 1979 Chevrolet Luv pickup truck. The court further ordered the plaintiff to assume and pay the mortgage on the home, pay the outstanding debts of the marriage, the costs of the action, defendant's attorney fees in the amount of $1,700 and $90 real estate appraisal fee.

Plaintiff urges defendant's award of the jointly acquired property is grossly unjust and inequitable considering the size of the marital estate.

In *Stansberry v. Stansberry*, Okl., 580 P.2d 147 (1978), we held that the net marital estate need not necessarily be equally divided to constitute an equitable division. *Durfee v. Durfee*, Okl., 465 P.2d 161 (1969).

In the case at bar, the award to defendant of $1,800 in personal property

and a judgment of $6,000 out of a total marital estate of approximately $14,000 does not appear to be an abuse of judicial discretion. Plaintiff has failed to show that the trial court's division of jointly-acquired property was clearly against the weight of the evidence or such an abuse of discretion as to justify reversal. *Carpenter v. Carpenter*, Okl., 657 P.2d 646 (1983).

## III.

Finally, plaintiff contends the trial court erred in ordering him to pay the cost of the real estate appraisal and the defendant's attorney fees. Appellant cites *Gardner v. Gardner*, Okl.App., 629 P.2d 1283 (1981) for the proposition that each party should pay his own costs and attorney fees in a divorce action.

*Gardner* is clearly distinguishable. There, the court assessed the cost of an independent appraisal to the wife on the ground that the wife had ignored bona fide good faith appraisals furnished by the husband and hired her own appraiser who appraised the property at virtually the same value as the husband's appraisers. The court held that the second appraisal was duplicative and done merely to increase the costs of the trial. In the case at bar, plaintiff did not submit a bona fide appraisal, but merely offered his opinion as to the value of the property.

As to attorney fees, in *Gardner* the wife was ordered to pay her own attorney fees, not on the rationale that each party in a divorce case should pay his own fees, but on the basis of the substantial award to the wife of over $700,000 by way of division of jointly-acquired property. Specifically, the *Gardner* court focused on the size of the marital estate, the amount awarded to the wife, and the duplication of expenses and discovery. The court further considered the equality of the actual award and the amount offered as settlement prior to trial. Considering all of the factors considered in *Gardner,* none of which are present in the case before us, we find no abuse of discre-

tion which would justify reversal. *Carpenter v. Carpenter*, Okl., 657 P.2d 646 (1983).

AFFIRMED.

BARNES, C.J., SIMMS, V.C.J., and IRWIN, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., dissents from Part I, concurs in result in Parts II and III.