[957 NYS2d 705]

Teresa Smith, Respondent, v Bank of America, N.A., Appellant.

Second Department, December 19, 2012

**APPEARANCES OF COUNSEL**

*Meyner and Landis LLP*, Nyack (*David B. Grantz* of counsel), for appellant.

*Robert A. Brady*, Port Washington, for respondent.

**OPINION OF THE COURT**

CHAMBERS, J.

We are asked on this appeal to determine whether a mortgage given by one joint tenant to a third party without the knowledge of the other joint tenant acts to sever the joint tenancy. We answer this question in the negative.

In February 1999, the plaintiff, the sole owner of real property located in Port Washington (hereinafter the subject property), conveyed, by quitclaim deed, her entire ownership interest in the subject property in equal shares to herself and her boyfriend, David Hassid, as joint tenants with the right of survivorship. Shortly thereafter, the quitclaim deed was recorded in the office of the Nassau County Clerk.

In July 2006, unbeknownst to the plaintiff, the defendant, Bank of America, N.A., made a $300,000 loan to Hassid, secured by a mortgage on the subject property. The mortgage was recorded in the office of the Nassau County Clerk in November 2006.

In January 2009, after Hassid died, the defendant declared the loan to be in default. The plaintiff thereafter commenced this action for a judgment declaring that the mortgage on the subject property is null and void on the theory that, upon Hassid's death, by operation of law, the mortgage had been

extinguished and she succeeded to his one-half interest in the subject property free and clear of the mortgage. On this basis, the plaintiff moved for summary judgment on her complaint.

The defendant countered, both in its opposition to the plaintiff's motion, and in its cross motion for summary judgment declaring that the mortgage is valid, that Hassid's unilateral act of giving a mortgage destroyed the unity of interest, one of the four unities that are essential at common law for the maintenance of a joint tenancy, and thereby severed the joint tenancy. Indeed, the defendant argued that Hassid's delivery of the mortgage evinced his intent to sever the joint tenancy in accordance with Real Property Law § 240-c (1) (b), which provides that a joint tenant may unilaterally sever a joint tenancy by "[e]xecution of a written instrument that evidences the intent to sever the joint tenancy." Once the joint tenancy was severed, the plaintiff and Hassid became tenants-in-common. Thus, according to the defendant, upon Hassid's death, his one-half interest in the subject property passed to his estate and not to the plaintiff and, consequently, the mortgage was valid.

The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion (2011 NY Slip Op 33634[U] [2011]). Relying on persuasive out-of-state authority, the Supreme Court reasoned that, since, in New York, a mortgage is considered only a lien, and, therefore, not a transfer of title, Hassid's giving of a mortgage to the defendant did not act to sever the joint tenancy. The court determined that, upon Hassid's death, his interest in the subject property passed to the plaintiff free and clear of the mortgage. Thus, judgment was entered, inter alia, declaring that the mortgage is null and void. The Nassau County Clerk was directed to vacate and cancel the mortgage.

The defendant now appeals from the order and the judgment.

We begin our analysis with the observation that, by the thirteenth century, the English common law embraced joint tenancy as a form of concurrent ownership (see 7-51 Powell on Real Property § 51.01). Further, with its common-law roots, New York defines " '[a] joint tenancy [as] an estate held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and creating in each joint tenant a right of survivorship' " (Goetz v Slobey, 76 AD3d 954, 956 [2010], quoting 24 NY Jur 2d, Cotenancy and Partition § 16 at 332-333). Foremost, in a joint tenancy, the joint tenants take and hold property as though they together constitute one person

(*see Moore Lbr. Co., Inc. v Behrman,* 144 Misc 291, 292 [1932]). In order to create and maintain a joint tenancy, the four unities—of time, title, interest, and possession—must exist (*see Goetz v Slobey,* 76 AD3d at 956). Under the common law, as Sir William Blackstone explained, joint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession (*see* 2 William Blackstone, Commentaries on the Laws of England at 180). Thus, the concept of unity of interest, which is pivotal to our inquiry, refers to the requirement that all joint tenants' interests must be identical in nature, extent, and duration (*see* Black's Law Dictionary 1676 [9th ed 2009]; 2 Tiffany, Real Property § 418).

The issue of whether a mortgage given by one joint tenant without the knowledge of the other acts to destroy the unity of interest and, thus, to sever the joint tenancy, is one of first impression for this Court. That we have never addressed this issue is not surprising. It is, as one leading commentator stated, "like a comet in our law," for "[i]t is a rare (or negligent) commercial lender who would accept a mortgage from a joint tenant without first seeing that the joint tenancy was severed or that all the joint tenants had signed" (4-31 Thomas, Thompson on Real Property § 31.08 [b] at 61 [2004 ed] [internal quotation marks omitted]). Nevertheless, other jurisdictions have considered this issue.*

For example, in *People v Nogarr* (164 Cal App 2d 591, 330 P2d 858 [1958]), a husband and wife acquired property as joint tenants. After they separated, the husband borrowed $6,440 from his parents, which was secured by a mortgage held by the parents on the marital home, all without the knowledge of the wife. Less than one year later, the husband died. The State of California attempted to condemn the property, alleging that the wife was the owner of the marital property, subject to a mortgage interest in the marital property held by the late husband's parents. The wife asserted that she had the sole interest in the property. After trial, the husband's parents were awarded the outstanding balance on the loan, to be satisfied from the husband's 50% interest in the property. On appeal to

---

* The defendant maintains that these other jurisdictions did not consider whether the unilateral act of a joint tenant in giving a mortgage to a third party destroyed the unity of interest. Instead, the defendant argues, they considered only whether the unity of title was destroyed. A careful reading of these determinations, however, shows that this is not the case.

the California District Court of Appeal, the judgment was reversed. The court noted that a mortgage was only a charge or a lien on the marital home and, as such, "it did not destroy *any* of the unities" (164 Cal App 2d at 594, 330 P2d at 860 [emphasis added]). Thus, the joint tenancy was not severed by the husband's giving of a mortgage to his parents. Once the husband died, his interest in the marital home ceased to exist, as did the mortgage.

In *Harms v Sprague* (105 Ill 2d 215, 473 NE2d 930 [1985]), two brothers, William Harms and John Harms, owned real property as joint tenants (hereinafter the joint tenancy property). A friend who wanted to purchase a nearby property asked John Harms to cosign a $7,000 promissory note, which was secured by a mortgage on the interest that John Harms had in the joint tenancy property. William Harms was unaware that his brother executed the mortgage. After John Harms died, his brother sought to quiet title to the joint tenancy property. The trial court held that the mortgage given by John Harms severed the joint tenancy. On appeal, the Supreme Court of Illinois disagreed, explaining that Illinois adhered to the theory that a mortgage was merely a lien on the property, and that the recognition of a lien could not effectuate a severance of the joint tenancy. Although, in rendering its decision, the court focused on the concept of unity of title, it cited *Van Antwerp v Horan* (390 Ill 449, 61 NE2d 358 [1945]). In that case, the pertinent question was whether the levy, pursuant to a judgment lien, upon a joint tenant's interest in real property acted to sever the joint tenancy. In concluding that it did not, the court explained that, at the time of the levy, there had "not been . . . the destruction of identity of interest *or of any other unity*" (390 Ill at 455, 61 NE2d at 360 [emphasis added]). Again, the levy did not interfere or diminish "the interest of the one joint tenant as to enable [the court] to say that there ha[d] been a destruction of the identity of interest" (*id.*).

A somewhat similar question was considered by the Oklahoma Court of Appeals in *American Natl. Bank & Trust Co. of Shawnee v McGinnis* (571 P2d 1198, 1977 OK 47 [1977]). In that case, a mortgage loan obtained by one joint tenant did not sever the joint tenancy. The court reasoned that, "[s]ince a mortgage is a mere lien or charge upon mortgagor's interest which does not transfer any legal title to mortgagees or entitle mortgagees to possession, it does not destroy any unity and, therefore, estate in joint tenancy is not severed and converted to tenancy in common" (571 P2d at 1200, 1977 OK 47, *4).

Other cases and authorities are likewise in accord (*see Texas Am. Bank/Levelland v Morgan*, 105 NM 416, 417, 733 P2d 864 [1987] [holding that because, in New Mexico, a mortgage is considered merely a lien, and title to the mortgaged property does not pass upon the giving of a mortgage, title and joint tenancy unities are unaffected by the execution of a mortgage]; *Home Trust Mercantile Bank v Staggs*, 714 SW2d 792, 794 [Mo Ct App, ED S Div 1986] [in which a Missouri appeals court explained that the "[i]mposition of a lien is not inconsistent with the continuation of any of the four unities; and therefore, a mortgage or pledge of one joint tenant's interest does not work a severance of the joint tenancy"]; *D.A.D., Inc. v Moring*, 218 So 2d 451, 452 [Fla D Ct App, 4th Dist 1969] [holding that because, in Florida, a mortgage is recognized as only a lien on real property and not as conveyance or a transfer of the right of possession, the execution of a mortgage by one joint tenant without the knowledge of the other joint tenant did not destroy any of the four unities]; 4-31 Thomas, Thompson on Real Property § 31.08 [b] at 62 [2004 ed] [stating that, in jurisdictions where a mortgage is considered a lien, it is "easy to see why a mortgage by one joint tenant is held not to sever the joint tenancy: no more than any other unforeclosed lien does it destroy any of the constitutive unities"]).

The defendant urges us to follow contrary authority found in *Matter of Hoffman* (175 Misc 607 [1940]) and *General Credit Co. v Cleck* (415 Pa Super 338, 609 A2d 553 [19892]). We do not, however, find these cases persuasive. In *Hoffman,* the Surrogate's Court addressed the issue of severance of joint personal property, not real property. In *General Credit Co.*, the Pennsylvania Superior Court concluded, based on an 1806 Pennsylvania Supreme Court case, *Simpson v Ammons* (1 Binn [Pa] 175 [1806]), that, despite the fact that Pennsylvania is a lien-theory state, a mortgage executed by one joint tenant acts to sever a joint tenancy. In neither case did the courts support their conclusion with any analysis.

New York is a lien-theory state, that is, a mortgage is considered a lien secured by real property (*see Johnson v Augsbury Org.*, 167 AD2d 783, 784 [1990]; *Witschger v Marvin & Co., Inc.*, 255 App Div 70, 73 [1938]; *Matter of City of New York*, 251 App Div 669, 672 [1937], *affd* 278 NY 163 [1938]). Thus, we emphasize that a mortgage does not act to transfer legal title in the underlying property to the lender, as in states that follow the title theory (*see* 9-95 Warren's Weed, New York Real Prop-

erty § 95.01). Hence, since a mortgage is only a lien, Hassid's act of giving a mortgage on the subject property did not act to sever the joint tenancy relationship between him and the plaintiff. We note that, after the mortgage was executed, Hassid and the plaintiff still held equal shares in the subject property, and the defendant acquired no legal or equitable interest in the subject property as a consequence of the mortgage (*see* 7-51 Powell on Real Property § 51.03; *James v ReconTrust Co.*, 845 F Supp 2d 1145, 1152 [2012]).

Pursuant to Real Property Law § 240-c (1), a joint tenancy with right of survivorship may be severed by destroying one of the four unities. Additionally, a joint tenant may unilaterally sever a joint tenancy in real property without the consent of any nonsevering joint tenant or tenants by, among other things, the execution of a written instrument evincing the intent to sever the joint tenancy (*see* Real Property Law § 240-c [1]). Here, the mortgage instrument contains no language evincing Hassid's intent to sever the joint tenancy. In the absence of any such language or some other writing, we cannot conclude that the mere act of delivering a mortgage to the defendant evinced Hassid's intent to sever the joint tenancy.

Since the mortgage was merely a lien against the subject property and did not act to sever the joint tenancy, upon Hassid's death, the mortgage ceased to exist, and his interest in the subject property passed to the plaintiff free and clear of the mortgage (*see Harms v Sprague*, 105 Ill 2d at 224, 473 NE2d at 933; *People v Nogarr*, 164 Cal App 2d at 594, 330 P2d 2d at 861). Based on the foregoing, the Supreme Court properly declared that the mortgage is null and void.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Accordingly, the appeal from the order is dismissed and the judgment is affirmed.

RIVERA, J.P., FLORIO and COHEN, JJ., concur.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.