GOODSON v. MCCRORY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:GOODSON v. MCCRORY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 GOODSON v. MCCRORY
2018 OK CIV APP 59
Case Number: 116669
Decided: 08/29/2018
Mandate Issued: 09/26/2018
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2018 OK CIV APP 59, __ P.3d __

 

KACI SUSANNE GOODSON, an individual, Plaintiff/Appellee,
v.
SHERRY DORIS MCCRORY, an individual, Defendant/Appellant,
and
JOEY PEPPER and BILL PEPPER, individuals, Defendants.
APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA
HONORABLE REBECCA BRETT NIGHTINGALE, TRIAL JUDGE
REVERSED AND REMANDED WITH INSTRUCTIONS
Kendall W. Johnson, Molly A. Sullivan, SAVAGE, O'DONNELL, AFFELDT, WEINTRAUB & JOHNSON, Tulsa, Oklahoma, for Plaintiff/Appellee
Robert V. Seacat, THE SEACAT LAW FIRM, Tulsa, Oklahoma, for Defendant/Appellant
DEBORAH B. BARNES, PRESIDING JUDGE:
¶1 In a deed signed and filed in 2001 (the 2001 Deed), Plaintiff Kaci Susanne Goodson, along with three other individuals -- Patricia Lynn Farquhar, Mary Beth Guzman, and Defendant Sherry Doris McCrory -- were granted property located in Tulsa County (the Property) "in equal shares in their individual capacities, as joint tenants, and not as tenants in common, on the death of" the grantor. The grantor -- who was the mother of Farquhar, Guzman, and McCrory, and the grandmother of Goodson -- passed away in 2011.
¶2 Goodson filed the petition in this case in February 2017 for quiet title, declaratory relief, and/or a determination of rights relating to her interest in the Property. Goodson contests the validity of the purported conveyance of her interest in the Property to McCrory set forth in a deed signed and filed in 2002 (the 2002 Deed). The 2002 Deed states that Goodson, along with Farquhar and Guzman, "in consideration of the sum of [$10.00] and other good and valuable consideration . . . , grant, bargain, sell and convey" their interests in the Property to McCrory. Although Goodson contests the validity of the conveyance of her interest, she asserts in her petition that she "does not contest the validity of the conveyance [in the 2002 Deed] by the other joint tenants[.]"
¶3 Goodson subsequently filed a motion for summary judgment in which she asserts she did not sign the 2002 Deed. Attached to Goodson's motion is a copy of the 2002 Deed, and Goodson points out in her motion that both her typed name and written signature on the 2002 Deed are misspelled as Kaci Susanne "Goodman," not Kaci Susanne "Goodson." Also attached to Goodson's motion is a partial transcript of the deposition of McCrory in which McCrory agrees that "this is not [Goodson's] signature on [the 2002] [D]eed[.]" However, Goodson asserts in her motion, as she similarly does in her petition, that it is undisputed that "[n]o person questions that the rights of the remaining Joint tenants, [Farquhar] and [Guzman], have been terminated by the signing of the [2002 Deed]." Goodson requests that, as a result of these undisputed facts, an order be entered determining that McCrory and Goodson own the property as joint tenants.
¶4 No response was filed to Goodson's motion for summary judgment. In a judgment filed in October 2017, the trial court stated, "Defendants are deemed not opposed to [Goodson's] Motion . . . . Therefore, all material facts set forth in the Motion are deemed admitted for the purpose of summary judgment." In particular, the trial court set forth the undisputed facts that the 2002 Deed is effective as to Farquhar and Guzman as "joint tenants relinquishing their interest to the real property . . . , but is ineffective as to [Goodson]."[1] Based on these undisputed facts, the court concluded the Property "vest[s] in Joint Tenancy, with Right of Survivorship, to [Goodson] and [McCrory][.]"
¶5 McCrory then filed a "Motion for New Trial" within ten days[2] in which she admits the 2002 Deed is ineffective as to Goodson but nevertheless contests the trial court's legal conclusion. That is, McCrory asserts the trial court erred as a matter of law in concluding, based on the undisputed facts, that Goodson and McCrory own the Property as joint tenants. McCrory asserts, instead, that the joint tenancy was "severed" upon Farquhar and Guzman conveying their interests in the 2002 Deed to McCrory, and that "the correct state of the title is [Goodson] owning [25%] of the property and McCrory owning [75%]" as tenants in common.
¶6 The trial court denied McCrory's motion for new trial in its order filed in December 2017, and McCrory appeals.
STANDARD OF REVIEW
¶7 "A trial court's denial of a motion for new trial is reviewed for abuse of discretion," but "[w]here, as here, our assessment of the trial court's exercise of discretion in denying defendants a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our de novo review of the summary adjudication's correctness." Reeds v. Walker, 2006 OK 43, ¶ 9, 157 P.3d 100 (footnotes omitted). "The standard for appellate review of a summary judgment is de novo and an appellate court makes an independent and nondeferential review[.]" Nelson v. Enid Med. Assocs., Inc., 2016 OK 69, ¶ 7, 376 P.3d 212.
¶8 Regarding McCrory's failure to file a response to the motion for summary judgment, a separate division of this Court has explained as follows:
Ordinarily, the failure to file a response to a motion for summary judgment "results . . . in the admission for purpose of summary judgment [of] '[a]ll material facts set forth in the statement of the movant which are supported by admissible evidence.'" Spirgis v. Circle K Stores, Inc., 1987 OK CIV APP 45, ¶ 9, 743 P.2d 682, 684 (Approved for Publication by Supreme Court). However, "[e]ven when no counterstatement has been filed, it is still incumbent upon the trial court to insure that the motion is meritorious." Spirgis, 1987 OK CIV APP 45, ¶ 10, 743 P.2d at 685.
First Pryority Bank v. Moon, 2014 OK CIV APP 21, ¶ 35, 326 P.3d 528.
ANALYSIS
¶9 The Oklahoma Supreme Court has explained:
A joint tenancy is created only when unities of time, title, interest, and possession are present; unity of time requires interests of joint tenants to vest at the same time; unity of title requires parties to take their interests by the same instrument; unity of interest requires estates of same type and duration; and unity of possession requires joint tenants to have undivided interests in the whole, not undivided interests in the several parts. Alteration of any required unity will destroy the joint tenancy. 
Am. Nat. Bank & Tr. Co. of Shawnee v. McGinnis, 1977 OK 47, ¶ 3, 571 P.2d 1198 (citations omitted). Thus, not unreasonably, McCrory argues that the effective conveyance by Farquhar and Guzman of their interests in the Property destroyed the joint tenancy. Indeed, this argument is consistent with the McGinnis Court's explanation that, "[f]or example, if A and B hold as joint tenants and B, with or without the permission of A, conveys to C, the joint tenancy is destroyed because unity of interest is eliminated; the result is A and C hold as tenants in common, each having an estate of a whole undivided half interest." Id. Complete termination of joint tenancy also occurs where there are several joint tenants and all but one of them convey their interests. See, e.g., 20 Am. Jur. 2d Cotenancy and Joint Ownership § 22 ("Termination of a joint tenancy also results of necessity where all but one of several joint tenants convey their interests[.]").
¶10 However, the scenario presented by the undisputed facts of the present case is distinguishable from these scenarios because, although two joint tenants (Farquhar and Guzman) conveyed their interests in the 2002 Deed, the other two joint tenants (McCrory and Goodson) did not. The Oklahoma Supreme Court explained in McGinnis that under circumstances in which at least two joint tenants do not convey their interests, a conveyance by other joint tenants does not destroy the continuance of the joint tenancy among the remaining joint tenants, though it does destroy the joint tenancy as to the conveyed interests. The McGinnis Court explained as follows: "[I]f A, B and C are joint tenants and C conveys to D, A and B continue as joint tenants in an undivided two-thirds of the whole estate and D has the whole of an undivided one-third as a tenant in common with A and B. See Cribbett, Principles of the Law of Property 94-7 (1962)." McGinnis, ¶ 3 (emphasis added).
¶11 The explanation of the Oklahoma Supreme Court in McGinnis is consistent with the common law. See, e.g., 64 A.L.R.2d 918 (Originally published in 1959) ("Where there are three or more joint tenants, a conveyance by one of them only will sever the tenancy only as to the share conveyed," and "where one of three or more joint tenants conveys his interest to one of the others, the conveyee becomes a tenant in common as to the interest conveyed, but remains a joint tenant as to his original interest." (emphasis added)); Jackson v. O'Connell, 177 N.E.2d 194, 195 (Ill. 1961) ("well settled at common law that where there were three joint tenants, and one conveyed his interest to a third party, the joint tenancy was only severed as to the part conveyed; the third party grantee became a tenant in common with the other two joint tenants, but the latter still held the remaining two thirds as joint tenants with right of survivorship therein" (emphasis added) (citations omitted)); 20 Am. Jur. 2d Cotenancy and Joint Ownership § 22 ("Termination of a joint tenancy . . . results of necessity where all but one of several joint tenants convey their interests," but where two or more joint tenants do not participate in the conveyance, the conveyance "severs the joint tenancy only as to the share conveyed, which is then held by the grantee as a tenancy in common, while the other joint tenants continue to hold their interests in joint tenancy.").
¶12 In the absence of unambiguous statutory intent to the contrary, we will apply common law rules pertaining to joint tenancy. See, e.g., Toma v. Toma, 2007 OK 52, ¶ 22, 163 P.3d 540 ("[W]e find no language in [the statute pertaining to judgment liens] suggesting legislative intent to abandon the common law rule pertaining to judgment liens on joint tenancy interests" and, thus, the common law rule controls.); Ladd v. State ex rel. Okla. Tax Comm'n, 1984 OK 60, 688 P.2d 59 (the common law rules applicable to issues related to joint tenancy apply in Oklahoma unless unambiguous legislative intent exists in derogation of the common law); Hill v. Hill, 1983 OK 81, ¶ 6, 672 P.2d 1149 ("statutory affirmation of the common law in Oklahoma" with regard to joint tenancy); Raney v. Diehl, 1971 OK 28, ¶ 15, 482 P.2d 585 (The term joint tenancy is defined in Oklahoma "in the technical common law sense." (citation omitted)). Neither party suggests, nor do we find, there exists statutory language applicable to the circumstances presented that stands in derogation of the common law.
¶13 Here, it is undisputed the 2002 Deed is ineffective as to Goodson, but effective as to the conveyance of the interests of Farquhar and Guzman to McCrory. Thus, the conveyance of the shares of Farquhar and Guzman severed the joint tenancy as to their shares. Accordingly, McCrory became a tenant in common as to the combined one-half interest conveyed to her. In other words, McCrory has the whole of an undivided one-half interest as a tenant in common. However, Goodson and McCrory continue as joint tenants in an undivided one-half of the property. Thus, as to the one-half of the property held in tenancy in common, McCrory "has a separate and distinct title which is held independently of" Goodson. Matthews v. Matthews, 1998 OK 66, ¶ 11, 961 P.2d 831 (defining tenancy in common). However, Goodson and McCrory continue as joint tenants with right of survivorship as to their original interests.
CONCLUSION
¶14 In the underlying order granting summary judgment, the trial court determined that, based on the undisputed facts, the Property "vest[s] in Joint Tenancy, with Right of Survivorship, to [Goodson] and [McCrory][.]" We conclude, however, that Goodson and McCrory continue as joint tenants only as to their original interests, and that McCrory became a tenant in common as to the one-half interest conveyed to her in the 2002 Deed. Consequently, the trial court erred in failing to grant McCrory's motion for new trial. We reverse and remand this case with instructions to the trial court to enter a new order granting summary judgment to Goodson in a manner consistent with this Opinion.
¶15 REVERSED AND REMANDED WITH INSTRUCTIONS.
RAPP, J., and GOODMAN, J., concur.
FOOTNOTES
[1] (Emphasis omitted.)
[2] See Okla. Dist. Ct. R. 17, 12 O.S. 2011, ch. 2, app. See also Okla. Sup. Ct. R. 1.22, 12 O.S. Supp. 2013, ch. 15, app. 1.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1987 OK CIV APP 45, 743 P.2d 682, 58 OBJ 1702, Spirgis v. Circle K Stores, Inc.
Discussed at Length
 2014 OK CIV APP 21, 326 P.3d 528, FIRST PRYORITY BANK v. MOON
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1971 OK 28, 482 P.2d 585, RANEY v. DIEHL
Discussed
 2006 OK 43, 157 P.3d 100, REEDS v. WALKER
Discussed
 2007 OK 52, 163 P.3d 540, TOMA v. TOMA
Discussed
 1977 OK 47, 571 P.2d 1198, AM. NAT. BANK & TRUST CO. OF SHAWNEE v. McGINNIS
Discussed
 2016 OK 69, 376 P.3d 212, NELSON v. ENID MEDICAL ASSOCIATES, INC.
Discussed
 1998 OK 66, 961 P.2d 831, 69 OBJ 2415, MATTHEWS v. MATTHEWS
Discussed
 1983 OK 81, 672 P.2d 1149, Hill v. Hill
Discussed
 1984 OK 60, 688 P.2d 59, Ladd v. State ex rel. Oklahoma Tax Com'n
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA